**SARAH J. KOZACIK, personally and as Administratrix C.T.A. of the Last Will and Testament of Michael Kozacik, deceased, v. JOHN A. KOZACIK and MICHAEL E. KAYE.**

26 So. (2nd) 659     June Term, 1946
June 11, 1946     Division B

*W. F. Parker,* for appellant.

*Roscoe Brunstetter* for John A. Kozacik and *Riley & Dressler* for Michael E. Kaye, appellees.

SEBRING, J.:

Michael Kozacik and John Kozacik, his son, purchased ·a piece of property with a hotel thereon, known as Park Hotel, as joint tenant with the right of survivorship. Each of these parties furnished approximately one-half of the purchase price. Shortly thereafter the owners leased the property to Michael E. Kaye, another son of Michael Kozacik, for an agreed monthly rental of $200 to be paid in equal portions to each of the lessors. Subsequently, on April 5, 1944, the owners entered into a certain written agreement with Michael E. Kaye, which is the subject matter of this litigation.

By the terms of said agreement Michael Kozacik, as party

of the first part, agreed to sell his undivided one-half interest in the property to Kaye and give a deed therefor, upon the payment by Kaye of the sum of $19,750, payable $4,750 in cash and the remainder in monthly installments of $500 each, and the assumption of an outstanding mortgage on the property. By the same instrument John Kozacik, as party of the second part, gave to Michael E. Kaye an option to purchase his undivided one-half interest in the property, for the sum of $16,000, $17,000, $18,000 or $19,000, the price to depend upon whether Kay exercised his option to purchase on or before the first day of April of the years 1945, 1946, 1947 or 1948, respectively, and the option to expire on April 1, 1948.

The agreement further provided that as of April 1, 1944 no further rents should be paid by Kaye to Michael Kozacik but that beginning upon said date the rent to be paid by John Kozacik should be increased to $150 a month and paid thereafter until the option agreement became terminated either by the exercise of the option or by its expiration in accordance with the agreement  The agreement also contained a covenant which provided that in the event of default by Michael E. Kaye of any of its terms the party of the first part might at his option re-enter the property and that thereupon the contract should be of no further force and effect either between first and third party, or second and third party.  Also inserted in the agreement was the provision: "It is the intention of all the parties that this agreement, when carried out in whole or in part, will terminate the joint tenancy and the incident of survivorship."  The contract was signed by all parties but was not executed in the presence of two subscribing witnesses, as required by Section 689.01 Florida Statutes 1941, F.S.A., for the conveyance of real property or estates or interest therein.

On May 28, 1945 Michael Kozacik died leaving a last will and testament which provided as follows:

"SECOND: To my son, John A. Kozacik, I give, devise and bequeath all of my interest in the Park Hotel, Miami, Florida, and in the contracts which I have made with my son, Michael Kaye relative to said hotel.  It is my intention that

my son, John A. Kozacik, shall have absolutely every right, title, and interest that I may have in said hotel property."

The widow of the decedent, as personal representative of the estate, claims as assets of the estate and undivided one-half interest of Michael Kocacik in the hotel property and the balance of the sales price of said interest due to the deceased from Michael E. Kaye. John Kozacik contends that because of the failure of the parties to execute the agreement in the presence of subscribing witnesses as required by law the instrument is ineffectual to sever the joint tenancy created by the original deed to himself and his father or to extinguish his right of survivorship in or to his father's interest; and that consequently he is entitled to the property and to collect the balance of the purchase price due from Michael E. Kaye.

The facts which we have delineated are contained in a bill for declaratory judgment filed in the circuit court of Dade County by John Kozacik against the widow, individually and as personal representative, and the heirs of the decedent, wherein the plaintiff prays that the court will decree that he is the owner of the interest of Michael Kozacik in and to the hotel property, by right of survivorship, and entitled to receive from Michael E. Kaye, the purchaser of said interest, the balance of the purchase price, and to give a warranty deed conveying said interest to Michael E. Kaye when said purchase price has been paid.

Answers were filed to the bill of complaint, and thereafter, upon a written stipulation of facts, the chancellor entered his decree finding that the plaintiff, John Kozacik, was the owner by right of survivorship of the interest in the property that was held by Michael Kozacik at the time of his death, subject to the rights of Michael E. Kaye under his agreement for sale and option, and had full right and authority to have and receive from said Michael E. Kaye the balance of the purchase price and to execute a deed of such undivided one-half interest in the property upon payment in full; and that neither the widow, individually or as administratrix, nor any other defendant had any right, title or interest in the hotel property or in the balance of the purchase price remaining

unpaid at the time of the death of the decedent. The widow of Michael Kozacik, deceased, individually and as administratrix c.t.a. of the estate, has taken an appeal and has assigned as error the entry of the decree.

Prior to 1941 the doctrine of the right of survivorship in cases of real estate and personal property held by joint tenants did not prevail in this State. See Sec. 5482 C.G.L. 1927 (Sec. 3617 R.G.S. 1920). But under section 689.15 Florida Statutes, 1941, F.S.A., joint tenancies with right of survivorship are recognized, providing the instrument creating the estate of joint tenancy expressly provides for the right of survivorship. The deed by which Michael and John Kozacik acquired title to the property was executed pursuant to the statute. The question is whether the agreement signed by Michael and John in favor of Michael E. Kaye, but not witnessed as required by section 689.01, Florida Statutes 1941, F.S.A., operated to sever the joint tenancy and thereby extinguished the right of survivorship.

The court decisions and text authorities make it plain that four coexisting unities are necessary and requisite to the creation and continuance of a joint tenancy; namely, unity of interest, unity of title, unity of time, and unity of possession. Any act of a joint tenant which destroys either of these unities operates as a severance of the joint tenancy and extinguishes the right of survivorship. See 4 Thompson on Real Property, perm. ed. Secs. 1776, 1778, 1780; Tiffany on Real Property 2nd ed. Sec. 191, pp. 625-635; 33 C.J. pp. 903, 907, 908, Joint Tenancy, Secs. 4, 9, 10. Stated differently, the authorities are in agreement that a joint tenancy may be terminated by any act which destroys one or more of its unities, provided the act of the joint tenant who severs his interest is such as to preclude him from claiming by survivorship any interest in the subject matter of the joint tenancy. See In re Wilks, (1891) 3 Ch. 59; 33 C.J. 908, Joint Tenancy Sec. 10. Accordingly, it is settled that a joint tenancy will be terminated by the alienation or conveyance by a joint tenant of his interest in the realty to a stranger, for by such act the unity of title is destroyed and the unity of possession is gone. Upon the same principle it is also held

that a contract or covenant to convey an interest, which can be enforced in equity, will operate to sever a joint tenancy. As is stated In re Wilks, supra, "A joint tenancy may unquestionably be severed either (1) by a disposition made by one of the joint owners amounting at law or in equity to the assignment of the share of that owner; or (2) by mutual agreement between the joint owners." To the same effect is In re Hewett, 1 Ch. Div. 362, wherein it is held that "Any agreement to sever made by a joint tenant, if it binds the parties, if it is made for value, is just as effectual as if the intention of the parties expressed in the agreement had actually been carried out by a conveyance of the property." See also Gould v. Kemp, 2 My. & K. 304, 39 Eng. Rep. 959, 961; In re Wilfords Estate, 11 Ch. Div. 267; Brown v. Randle, 3. Ves. Jun 256, 257, 30 Eng. Rep. 998, 999; Kurowski v. Retail Hardware Mutual Fire Ins. Co., 203 Wis. 644, 234 N.W. 900; Naiburg v. Hendriksen, 370 Ill. 502, 19 N.E. (2nd) 348, 33 C. J. 908, Joint Tenancy Sec. 10.

It is plain from the record that except for the formality of procuring subscribing witnesses to the written contract by which Michael Kozacik agreed to sell his joint interest in the hotel property to Michael E. Kaye, the contract was in all respects regular, definite, and certain. Michael E. Kozacik acted upon it by putting Kaye into possession and recognizing him as his vendee. Michael E. Kaye acted upon the contract by accepting possession from Kozacik as vendor and by making the down payment, paying the monthly installments, and keeping the payments on the mortgage indebtedness current. John Kozacik has profited from the agreement by receiving and retaining additional rentals. Therefore, in equity Michael E. Kaye is regarded as the beneficial owner and will be entitled to deed upon full performance of the contract. See Miami Bond & Mortgage Co. v. Bell, 101 Fla. 1291, 133 So. 547. Under the rule above stated this would seem to be sufficient to terminate or sever the joint tenancy.

We hold, therefore, that the contract of sale, even though not executed with due statutory formality was sufficient to terminate the joint tenancy and destroy the right of survivorship. It follows that John A. Kozacik is not entitled to

claim the interest of the original joint tenant, by reason of survivorship, but that the interest of the decedent in and to the hotel property, and the balance of the purchase price due thereon, must go to the estate of the decedent to be administered under the will and in accordance with law.

The decree appealed from is reversed with directions that a decree be entered in conformance with the views expressed herein.

It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, J.J., concur.