218 So.2d 451 (1969)
D.A.D., INC., a Florida Corporation, Appellant,
v.
Mattie M. MORING, a Single Woman, If Living, or If Dead, Her Unknown Heirs, and Richard A. Roundtree and Ruth Roundtree, His Wife, Appellees.
No. 1549.
District Court of Appeal of Florida. Fourth District.
February 6, 1969.
Jeffrey Michael Cohen, of Law Offices of Norman F. Solomon, Miami, for appellant.
James E. Alderman, of Brown & Alderman, Fort Pierce, for appellees Roundtree.
REED, Judge.
The plaintiff in this case, D.A.D., Inc., is a Florida corporation which filed a suit to foreclose a mortgage executed by one of the defendants, Mattie M. Moring, on certain real property in St. Lucie County, Florida. The defendant Richard A. Roundtree and his wife were joined as parties defendant on the basis of an allegation in the complaint to the effect that they had an interest in the real property subject to the mortgage.
This appeal is from a final judgment of the Circuit Court for St. Lucie County, Florida, which held that the lien of the mortgage terminated upon the death of Mattie Moring and denied foreclosure.
The pertinent facts are undisputed. Mattie M. Moring and the defendant Richard A. Roundtree became joint tenants with right of survivorship by virtue of a deed from Mattie Moring to Mattie Moring and Richard A. Roundtree providing that on the death of either the estate would survive *452 to the other. The deed was dated and recorded in the public records of St. Lucie County, Florida, on 25 September 1961. Subsequent to the recording of the deed, Mattie Moring executed a mortgage to the plaintiff which purported to impose a lien on the real property described in the deed. The execution of the mortgage and the promissory note thereby secured was without the knowledge or consent of the defendant Roundtree.
The plaintiff filed a suit to foreclose the mortgage on 12 October 1965. The defendant Mattie Moring died on 25 March 1966 prior to the cause coming at issue. The answer of the defendant Roundtree alleged the death of Mattie Moring and his interest in the property under the aforementioned deed.
The question on appeal is whether or not the lien of the mortgage executed by Mattie Moring under the circumstances above described is enforceable after her death against the undivided one-half interest in the property owned by her prior to her death. We answer this question in the negative and affirm the final decree.
A joint tenancy with a right of survivorship in real property is recognized by statute in the State of Florida. Section 689.15, F.S. 1941, F.S.A.; Kozacik v. Kozacik, 1946, 157 Fla. 597, 26 So.2d 659. The principle incident of the tenancy is the right of survivorship by which the entire interest of one tenant, upon his death, remains to the other. Florida National Bank of Jacksonville v. Gann, Fla.App. 1958, 101 So.2d 579. It necessarily follows from the right of survivorship that the interest of a joint tenant terminates upon his death prior to the other joint tenant. For this reason, a mortgage on the interest of a joint tenant imposes a lien upon a defeasible interest, and the lien, of necessity, terminates when, by reason of the mortgagor's death, his interest in the tenancy terminates.
Joint tenants in real property may, of course, sever the joint tenancy and extinguish the right of survivorship by any act which destroys any one of the four unities which are considered to be essentials of a joint tenancy, namely, the unity of interest, title, time and possession. As stated in Kozacik v. Kozacik, supra:
"* * * [A] joint tenancy may be terminated by any act which destroys one or more of its unities, provided the act of the joint tenant who severs his interest is such as to preclude him from claiming by survivorship any interest in the subject matter of the joint tenancy. * * * Accordingly, it is settled that a joint tenancy will be terminated by the alienation or conveyance by a joint tenant of his interest in the realty to a stranger, for by such act the unity of title is destroyed and the unity of possession is gone. * * *"
In Florida, because a mortgage is recognized as only a lien on real property and not as a conveyance thereof or a transfer of the right of possession, Section 697.02, F.S. 1967, it would not appear that the execution of a mortgage destroys any of the unities, the joint tenancy, and, with it, the right of survivorship.
The appellant urges us to hold that although the mortgage did not terminate the right of survivorship in the joint tenancy, the undivided one-half interest of the mortgagor, Mattie Moring, survived to the other joint tenant subject to the lien of the mortgage. While there is an argument that can be made to support the logic and the fairness of the appellant's conclusion, it is our opinion that the same is at variance with the essence of a joint tenancy in real property, namely, the right of survivorship and its concomitant, a defeasible interest in the fee. Since this tenancy is recognized and authorized by the statutory law of this state, it is our view that the rule suggested by the appellant is more appropriate for adoption by the legislature than by the court.
The issue before this court has been considered by the District Court of Appeal for *453 the Second District in the State of California in the case of People v. Nogarr, 1958, 164 Cal. App.2d 591, 330 P.2d 858. The California court on facts almost identical to those in the present case reached the conclusion we adopt. A contrary view on similar facts has been taken by the Supreme Court of Indiana in the case of Wilken v. Young, 1895, 149 Ind. 1, 41 N.E. 68.
For the foregoing reasons, the final judgment is affirmed.
Affirmed.
WALDEN, C.J., and MURPHREE, JOHN A.H., Associate Judge, concur.