337 So.2d 828 (1976)
Charles HARELIK, Appellant
v.
Lila H. TESHONEY, Appellee.
No. AA-304.
District Court of Appeal of Florida, First District.
September 16, 1976.
Rehearing Denied October 19, 1976.
Charles Tindell of Elliott, Tindell & Gehris, Daytona Beach, for appellant.
Nicholas A. Caputo, Holly Hill, for appellee.
RAWLS, Acting Chief Judge.
On the 27th day of March, 1969, Esther M. Lawrence conveyed a parcel of land in Volusia County to Charles Harelik (appellant-plaintiff), a single person, and Stella Harelik, his mother, a widow and single woman, as joint tenants with full rights of survivorship in each, and not as tenants in common. Stella, on October 31, 1972, conveyed the same property to Lila H. Teshoney (appellee-defendant), reserving unto herself a life estate. Charles did not join in the latter conveyance. On April 16, 1975, Stella died. Charles filed the instant suit claiming fee simple title by reason of his survivorship. Thus, we are confronted with the following issue: May one joint tenant under a warranty deed establishing a joint tenancy with the right of survivorship unilaterally terminate the right of survivorship?
By its summary final judgment in favor of the defendant holding, inter alia, "that the parties hereto own the subject property as tenants in common", the trial court answered in the affirmative. We agree and affirm.
The controlling case is Kozacik v. Kozacik.[1] There, Mr. Justice Sebring, speaking for the Florida Supreme Court, stated:
"The court decisions and text authorities make it plain that four coexisting unities are necessary and requisite to the creation and continuance of a joint tenancy; namely, unity of interest, unity of title, *829 unity of time, and unity of possession. Any act of a joint tenant which destroys either of these unities operates as a severance of the joint tenancy and extinguishes the right of survivorship. See 4 Thompson on Real Property, Perm.Ed., Sec. 1776, 1778, 1780; Tiffany on Real Property, 2d Ed., Sec. 191, pp. 625-635; 33 C.J. pp. 903, 907, 908, Joint Tenancy, Secs. 4, 9, 10. Stated differently, the authorities are in agreement that a joint tenancy may be terminated by any act which destroys one or more of its unities, provided the act of the joint tenant who severs his interest is such as to preclude him from claiming by survivorship any interest in the subject matter of the joint tenancy. See In re Wilks, [1891], 3 Ch. 59; 33 C.J. 908, Joint Tenancy, Sec. 10. Accordingly, it is settled that a joint tenancy will be terminated by the alienation or conveyance by a joint tenant of his interest in the realty to a stranger, for by such act the unity of title is destroyed and the unity of possession is gone."
The judgment appealed is AFFIRMED.
MILLS and SMITH, JJ., concur.
NOTES
[1] Kozacik v. Kozacik, 157 Fla. 597, 26 So.2d 659 (1946). See also D.A.D., Inc. v. Moring, 218 So.2d 451 (4 Fla.App. 1969); and LaPierre v. Kalergis, 257 So.2d 33 (Fla. 1972).