BOARDMAN, Judge.
Appellant sought a declaratory judgment determining 1) whether the real property in question was owned by appellant as the surviving joint tenant with right of surviv-orship or by appellant and the estate of her deceased son, Roman Denesuk, as tenants in common and 2) any sums due either party by the other for mortgage, tax, and insurance payments made on the property. The trial court ruled that appellant and the estate were tenants in common and awarded appellant $3502.98 for tax and mortgage payments made on the property. Appellant challenges both rulings on appeal. We reverse.
Appellant was originally the sole owner of the property in question, which she acquired in 1951. Someone else was managing the property for her, but became ill and unable to continue managing the property. Therefore, the decedent agreed to move to Florida and help appellant. On January 16, 1970, appellant deeded the property to herself and the deceased “as joint tenants with right of survivorship and not as tenants in common.”
Section 689.15, Florida Statutes (1981), which has not been substantially changed since 1941, provides in pertinent part:
[Ejxcept in cases of estates by entirety, a devise, transfer or conveyance heretofore or hereafter made to two or more shall create a tenancy in common, unless the instrument creating the estate shall expressly provide for the right of sur-vivorship; ....
(Emphasis added.) There are no limitations on who the grantor or who the grantee may be.
The Florida Supreme Court has held that a direct conveyance from a husband and wife to the wife and a daughter of the wife with right of survivorship was authorized by section 689.15 and did not violate the four unities of interest, title, time, and possession. LaPierre v. Kalergis, 251 So.2d *243 885 (Fla. 1st DCA), approved in part and disapproved in part, 257 So.2d 33 (Fla.1971).
In D.A.D., Inc. v. Moring, 218 So.2d 451 (Fla. 4th DCA 1969), the grantor conveyed real property to herself and an unrelated adult, creating a joint tenancy with right of survivorship. Thereafter, the grantor, without the knowledge or consent of her joint tenant, executed a mortgage on the property. The holder of the mortgage filed suit for foreclosure, but the grantor died prior to the case coming to issue. The court held that the lien was a defeasible interest in the property and terminated upon the mortgagor’s death, the court specifically stating that the joint tenancy was authorized by section 689.15.
The trial court here mistakenly ruled that the four unities test is to be applied to the deed initially conveying title to appellant rather than to the subsequent deed from appellant to herself and the decedent.
Appellees argue that a conveyance from A to A and B is ineffective as a conveyance to A since “one person cannot occupy, at law, at the same time the position of both grantor and grantee in regard to the same property,” citing the three-justice dissent in Johnson v. Landefeld, 138 Fla. 511, 189 So. 666 at 668 (1939). However, contrary to appellee’s contention, the three-justice majority opinion in Johnson upheld the conveyance of real property by a husband to himself and his wife, noting that the unities (five in this case involving a tenancy by the entirety) had all been met.
Appellees further argue that in Florida National Bank of Jacksonville v. Gann, 101 So.2d 579 (Fla. 2d DCA 1958), this court upheld creation of two joint tenancies by deeds from the original owner to a strawman who reconveyed to the original owner and the other joint tenant. Appel-lees urge that by failing to comment on the grantor’s use of a strawman, this court implicitly placed its stamp of approval on this method and sub silentio upheld the necessity of its use. We disagree. The use of a strawman was not an issue in Gann. The fact that it was an acceptable method of obtaining the desired result does not make it the only available or even the most desirable method. We see no point in requiring that property be conveyed twice when a single conveyance is just as effective and has the virtues of economy and efficiency.
Because appellant sought payment from the estate for decedent’s share of taxes and mortgage payments on the property only in the event that the trial court ruled that the 1970 deed to appellant and the decedent created a tenancy in common, appellant is not entitled to any such payments under our holding that the deed created a joint tenancy with right of survivor-ship, making her sole owner of the property upon the death of the decedent. Therefore, the award to appellant of $3502.98 must also be reversed.
Accordingly, the amended final judgment is REVERSED and the cause REMANDED with directions to enter a new judgment ruling appellant to be the sole owner of the property.
CAMPBELL and LEHAN, JJ., concur.