446 So.2d 271 (1984)
Margaret WITTOCK and Richard Wittock, Appellants,
v.
Martha RAMPONI, Appellee.
No. 82-1698.
District Court of Appeal of Florida, Fourth District.
March 14, 1984.
Reed S. Tolber, Fort Lauderdale, for appellants.
Welcom H. Watson, Jr., and John A. Watson, of Watson, Hubert & Clark, Fort Lauderdale, for appellee.
SMITH, RUPERT, Associate Judge.
Appellants, in reliance upon faulty legal advice, failed to file any pleadings in response to appellee's complaint to quiet title in the trial court. A default was entered; and the trial court refused to set it aside and then entered a judgment. We reverse and remand.
The facts reflect that Margaret Wittock's parents, John E. Erickson and Susanne Erickson, conveyed property to Susanne Erickson and Martha Ramponi as joint tenants with right of survivorship. Subsequently, Susanne Erickson joined by her husband, John E. Erickson, conveyed her interest in the jointly held property to her husband and herself. Both Susanne and John E. Erickson died and Ramponi filed the quiet title action to foreclose the appellants' (beneficiaries of the Ericksons) interest in the land.
The law is clear that the creation of a joint tenancy with a right of survivorship can be terminated by the conveyance of an interest of any joint tenant to a stranger. The joint tenancy between Susanne Erickson and Martha Ramponi was terminated upon Susanne Erickson's conveyance of her interest in the tenancy to herself and her husband, John E. Erickson, a stranger. See Harelik v. Teshoney, 337 So.2d 828 (Fla. 1st DCA 1976), cert. denied, 341 So.2d 1082 (Fla. 1976). Also, see Kozacik v. Kozacik, 157 Fla. 597, 26 So.2d 659 (Fla. 1946). At that point, the Ericksons became tenants in common with Ramponi. Accordingly, relief cannot be awarded where the pleadings and exhibits upon which appellee seeks relief clearly establish she is not entitled to same as a matter of law. On remand, appellee should be given the opportunity to amend her pleadings should there be additional facts she wishes to call to the attention of the trial court.
BERANEK and GLICKSTEIN, JJ., concur.