511 So.2d 1014 (1987)
Jerry F. JONES, Leota A. Jones, Magnet Mortgages, Inc., and William Irby and Joni Irby, Appellants,
v.
Kenneth T. LALLY and Thelma P. Lally, Appellees.
No. 86-1248.
District Court of Appeal of Florida, Second District.
June 24, 1987.
Rehearing Denied August 31, 1987.
*1015 Hywel Leonard of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellants Joneses and Magnet.
E.G. Couse of Grace and Couse, P.A., Fort Myers, for appellants Irbys.
David L. Dawson of Bond, Schoeneck & King, Naples, for appellees.
PER CURIAM.
The appellants Jerry and Leota Jones were the purchasers of real property from the appellees Kenneth and Thelma Lally; they challenge the trial court's order and final judgment imposing a vendor's lien in favor of the Lallys. Magnet Mortgages, Inc. appeals from the same order which effectively extinguished its mortgage on the property. William and Joni Irby, the principals in Harbor Title, Inc., have also appealed from the final judgment to the extent that it directs them and Harbor Title, jointly and severally, to pay $123,619.97 to the Lallys. For the reasons stated below, we reverse the trial court's judgment imposing a vendor's lien, but affirm the judgment against the Irbys.
In a contract executed on January 21, 1985, the Joneses agreed to buy the Lallys' home for $112,750. The closing was to occur on or before February 27, 1985. The Lallys, New York residents, retained a Florida attorney to handle the closing on their behalf. The Lallys executed a warranty deed in late January 1985, which was held by their attorney pending the closing. The Joneses' down payment of $11,000 was transferred to Harbor Title by the Lallys' real estate broker. On February 12, 1985, the Joneses and their mortgagee, Magnet, delivered the balance of the purchase price to Harbor Title. Harbor Title deposited all the money it held into its general escrow account. The Joneses executed a mortgage in favor of Magnet. On February 19, 1985, the Lallys' attorney exchanged their deed for a Harbor Title check, drawn on the escrow account. At the closing, the Lallys elected to accept an ordinary check, rather than enforce their contractual right to receive cash or cashier's check. The Lallys' attorney deposited the Harbor Title check in a local bank. The check was forwarded to the bank which maintained Harbor Title's escrow account. On February 21, 1985, Harbor Title's bank debited the escrow account $103,867.44; but, thereafter, *1016 dishonored the check for lack of an endorsement by the Lallys. On February 26, 1985, Harbor Title's escrow account was credited with $103,867.44, and the Lallys' check was returned to their bank. On March 1, 1985, the check was again presented to Harbor Title's bank. On March 4, 1985, the check was returned to the Lallys marked "payment stopped."
There is no dispute that, both prior to and during February, the Irbys improperly withdrew funds from the escrow account. The withdrawals were used to cover overdrafts in the accounts of other companies under the control of the Irbys. Thus, the central question in this case is: Upon whom shall the loss, occasioned by the wrongful diversion of funds by the Irbys, fall?
The Joneses and Magnet contend that the Lallys selected Harbor Title as their agent to close the transaction and that, as against innocent buyers, the Lallys should not have been entitled to a vendor's lien in the face of the acts of their escrow agent, Harbor Title, rendering it unable to honor the check drawn on its escrow account. They also contend that the Lallys contributed to their loss by waiving their right to insist on payment in cash or a cashier's check and through their failure properly to endorse the check. The Lallys, on the other hand, claim that when an escrow agent causes a loss due to the misappropriation of funds, the party against whom the loss is charged turns upon the moment when the funds were taken by the escrow agent. Cradock v. Cooper, 123 So.2d 256 (Fla. 2d DCA 1960). Thus, the Lallys assert that the greater weight of the evidence established that Harbor Title, or the Irbys, wrongfully removed funds from the escrow account prior to delivery of the Lallys' deed, and hence, the loss must fall on the Joneses and Magnet.
Where one of two innocent parties must suffer a loss as the result of the default of another, the loss shall fall on the party who is best able to avert the loss and is the least innocent. Continental Casualty Co. v. Associated Plastics, Inc., 347 So.2d 822 (Fla. 3d DCA 1977) (quoting from Bryon v. Owsley Lumber Co., 201 So.2d 246, 249 (Fla. 1st DCA 1967)).
We are not able to find a reason for attributing any blame for the Lallys' loss to the Joneses. The Lallys, through their attorney, agreed to accept an ordinary check from Harbor Title in exchange for their deed, notwithstanding that they were entitled to receive cash or its substantive equivalent. It was the Lallys' failure properly to endorse the check that permitted Harbor Title an opportunity to stop payment on the check. Therefore, in a contest between the Joneses and the Lallys, the Lallys were the least innocent and should bear the loss.
Finally, the Irbys claim that the evidence is insufficient to support a finding of liability against Joni Irby. The imposition of liability against William Irby is not contested. Our review of the record reveals sufficient evidence to sustain the judgment against Joni Irby. It is not our role to reweigh the evidence on appeal. See Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Tsavares v. NCNB National Bank, 497 So.2d 1338 (Fla. 2d DCA 1986).
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
RYDER, A.C.J., and LEHAN and SANDERLIN, JJ., concur.