589 So.2d 994 (1991)
COUNTRYWIDE FUNDING CORPORATION, Appellant,
v.
Mary PALMER, Individually and As Personal Representative of the Estate of Jose G. Baca; and Adelina Hentzschel, Appellees.
No. 91-00035.
District Court of Appeal of Florida, Second District.
November 15, 1991.
*995 Martin S. Awerbach and Gale Silbermann, Clearwater, for appellant.
Larry L. Dillahunty, St. Petersburg, for appellees.
LEHAN, Judge.
We reverse the final judgment which denied relief to appellant, Countrywide Funding Corporation, in its mortgage foreclosure suit against appellees, who include a mother, Adelina Hentzschel, and the personal representative of the estate of Mrs. Hentzschel's deceased son, Jose G. Baca.
The subject property was purchased by the mother and placed into the names of the mother and the son as joint tenants with right of survivorship. Subsequently a quit claim deed from the mother and son to the son alone was recorded. The son then gave a mortgage on the property to Essex Mortgage Company. He thereafter refinanced the property with a new mortgage to Bayside Federal Savings and Loan Association. Some of the proceeds from the Bayside loan were used to pay off the Essex loan. Bayside assigned the mortgage to appellant Countrywide. The son then died and the mortgage went into default. The trial court found that the mother's signature on the quit claim deed was a forgery.
Appellant filed this foreclosure action. The trial court entered the final judgment for appellees on the following principal basis: Because the quit claim deed included a conveyance directly from the son to himself and the son did not first convey his interest to a strawman who then conveyed back to the son, under Florida law the conveyance to the son was ineffective; therefore, the quit claim deed did not terminate the joint tenancy with right of survivorship, and the mortgage from the son alone to Bayside was also ineffective.
We recognize, as did the trial court, that a joint tenant under a joint tenancy with right of survivorship is entitled to terminate the joint tenancy by the conveyance of his interest to a third party. See 20 Am.Jur.2d Cotenancy and Joint Ownership § 16 [p. 109] (1965). However, Ratinska v. Estate of Denesuk, 447 So.2d 241 (Fla. 2d DCA 1983), held that although, in the creation by a person of a joint tenancy with right of survivorship in that person and another, the use of a strawman to whom to first convey that person's interest before the time of the conveyance creating the joint tenancy is "an acceptable method of obtaining the desired result," that "does not make it the only available or even the most desirable method." 447 So.2d at 243. As Ratinska added, "We see no point in *996 requiring that property be conveyed twice when a single conveyance is just as effective and has the virtues of economy and efficiency." Id. Although Ratinska was concerned with the creation of a joint tenancy, we see no reason why the rationale of that case would not also apply to the termination of a joint tenancy.
Thus, we conclude that a joint tenancy with right of survivorship can be, and was in this case, terminated and a tenancy in common created by a conveyance by one joint tenant of his interest to himself. As indicated above, we do not agree with the trial court that Ratinska is distinguishable because it involved the creation of a joint tenancy and not, as here, a termination thereof. See Wittock v. Ramponi, 446 So.2d 271 (Fla. 4th DCA 1984) (joint tenant can terminate joint tenancy with right of survivorship by conveyance to herself and husband). Minonk State Bank v. Grassman, 95 Ill.2d 392, 69 Ill.Dec. 387, 447 N.E.2d 822 (1983), in holding that a joint tenant may terminate a joint tenancy with right of survivorship by conveying his interest to himself without the use of a strawman, expressed the view which we adopt by saying, "[T]he rules applicable to the creation and severance of joint tenancies ... should be the same." Id. 69 Ill. Dec. 387, 447 N.E.2d at 824. See also Hendrickson v. Minneapolis Federal Savings & Loan Ass'n, 281 Minn. 462, 161 N.W.2d 688 (1968); Riddle v. Harmon, 102 Cal. App.3d 524, 530, 162 Cal. Rptr. 530, 534 (1980). Contra Krause v. Crossley, 202 Neb. 806, 277 N.W.2d 242 (1979).
Accordingly, we disagree with the trial court that the mother's right of survivorship upon the death of her son entitled her to the entire property without the encumbrance of appellant's mortgage. After the above-described termination of the joint tenancy, the mother had no right of survivorship. Appellant was entitled to foreclose on the son's undivided one-half interest in the tenancy in common which resulted from his deed to himself and which he then mortgaged to Bayside whose mortgage was assigned to appellant.
Furthermore, the mother was not shown to have lost her right of survivorship upon the termination of the joint tenancy with right of survivorship by reason of the forgery of the mother's signature but by reason of the son's conveyance to himself. See 26 C.J.S. Deeds § 68 (1956) ("[F]orgery of the signature of one of several grantors will not affect the validity of the deed as to the interest of those of the grantors who executed it.").
Also, while, as the trial court concluded, the mother was ultimately "an innocent victim of her son's misdeeds," so also, as the trial court indicated, was the appellant. As between two innocent parties who are victims of a misdeed, the least innocent should suffer, and the least innocent is the one who could have prevented the misdeed. See Jones v. Lally, 511 So.2d 1014 (Fla.2d DCA 1987), rev. denied, 519 So.2d 987 (Fla. 1988). Here, the mother, who purchased the property and placed the title in the names of herself and her son as joint tenants with right of survivorship, put the son in a position in which he could convey his interest.
Reversed and remanded for proceedings consistent herewith.
SCHEB, A.C.J., and RYDER, J., concur.