708 So.2d 329 (1998)
James M. CROCKETT, Jr., Appellant,
v.
Elsie M. CROCKETT, Appellee.
No. 97-1007.
District Court of Appeal of Florida, First District.
April 2, 1998.
*330 Ronald W. Maxwell, of Ronald W. Maxwell, P.A., Jacksonville, for Appellant.
Robert W. Elrod of Robert W. Elrod, P.A., Jacksonville, for Appellee.
KAHN, Judge.
Appellant James M. Crockett, Jr. appeals from a final judgment of dissolution of marriage. In his appeal, he has raised the following issues: (1) whether the trial court erred by failing to include in the equitable distribution a $43,685.22 loan made by the former wife to her son from a previous marriage the month before she filed for dissolution; (2) whether the trial court erred in its valuation and distribution of real estate in Putnam County; (3) whether the trial court erred in its valuation and inclusion of financial accounts based on transactions after the valuation date; (4) whether the trial court erred in its valuation of the parties' two residential properties, and (5) whether the court erred in structuring a plan of distribution of marital assets without giving consideration to the former wife's pension. We affirm in part, reverse in part, and remand.
The parties were married for over 30 years. They had no children born of that marriage; however, each party had children by a previous marriage. During the marriage both parties worked. They are now retired and are living on their social security and retirement funds together with some interest income from their assets. The former wife filed a petition for dissolution of marriage on October 4, 1996.

Former Wife's Loan to Son.
Appellant contends that the trial court erred in not making any findings regarding the former wife's loan to her son. We agree. In September 1996, the former wife loaned her son $43,685.22 from her Dupont Credit Union Account. Although the wife argues on appeal that the loan was made from her separate account with inherited funds, she did not establish the nonmarital character of the account at trial. The funds lost any arguable separate identity when the wife commingled them with her overtime earnings made during the marriage. Adkins v. Adkins, 650 So.2d 61 (Fla. 3d DCA 1994). The loan was therefore made from marital assets. Although the loan was made prior to the filing of the petition for dissolution, the amount receivable would still be a marital asset subject to equitable distribution.
Section 61.075(3), Florida Statutes (1995), requires specific written findings of fact as to identification of nonmarital and marital assets, valuation of significant marital assets, designation of which spouse shall be entitled to each asset, and other findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution of marital assets and allocation of liabilities. The distribution of marital assets or liabilities must be supported by factual findings in the judgment based on competent substantial evidence. See Sasnett v. Sasnett, 679 So.2d 1265 (Fla. 2d DCA 1996)(failure to make any specific written findings concerning parties' assets or to characterize them, in awarding marital assets in dissolution of marriage proceedings, necessitated remand for the trial court to make such findings); Kelley v. Kelley, 678 So.2d 369 (Fla. 1st DCA 1996)(remanding equitable distribution of assets and liabilities due to trial court's failure to make findings required by statute).
The trial court's basis for failing to address the $43,685.22 loan from the wife to her son is not apparent from the record. The court may have considered the loan to the son as a gift based on the lack of a promissory note and the wife's testimony that she did not *331 know if and when the son would repay her. If the loan were considered a gift, it would no longer be a marital asset for purposes of equitable distribution. The court could, however, still consider the loan as a factor in equitable distribution if it found the loan constituted intentional dissipation or waste of a marital asset within two years prior to the filing of the petition. § 61.075(1)(i), Fla. Stat. (1995). Unfortunately, the court made no mention at all of the loan. Because the loan might represent significant marital assets and was made only the month before the filing of the petition for dissolution, we remand the case for the trial court to make specific written findings regarding the loan and, if appropriate, to consider the loan in a refashioned equitable distribution.

Putnam County Property.
The parties owned 30 acres of unimproved property in Putnam County. The property was titled in the names of the parties and two of the husband's daughters as joint tenants with rights of survivorship. The husband paid $40,000 or $42,000 for the property in 1985. He opined that the property now has a fair market value of $25,255 based on the property tax assessment and the fact that portions of the property are now considered wetlands. The trial court found the property to be a marital asset worth $40,000 and allocated the entire value to the husband. We affirm the trial court's order as to the value of the property. We must, however, reverse the determination of the husband's ownership interest in the property because the court failed to take into account that even after acquiring the wife's interest in the property by way of the final judgment, the husband only had a partial interest in the property. We hold that upon the dissolution, the husband became a co-tenant with his two daughters. A joint tenancy may be terminated by any act that destroys one or more of the necessary unities of interest, title, time, and possession, provided the act of the joint tenant who severs his interest is such as to preclude him from claiming any survivorship interest in the subject matter of the joint tenancy. See Kozacik v. Kozacik, 157 Fla. 597, 26 So.2d 659 (1946). Here, the judicial allocation of the wife's interest to the husband terminated the joint tenancy such that the husband became a tenant in common with his daughters. See Countrywide Funding Corp. v. Palmer, 589 So.2d 994, 996 (Fla. 2d DCA 1991) (joint tenant may terminate joint tenancy with right of survivorship by his conveyance of his interest to himself without a strawman); Wittock v. Ramponi, 446 So.2d 271 (Fla. 4th DCA 1984)(joint tenant can terminate joint tenancy by conveyance to herself and husband). Although Palmer and Wittock did not involve dissolutions of marriage, they did involve situations where the act of one joint tenant terminated the joint tenancy with right of survivorship with the result that the remaining title owners became co-tenants. The trial court should have valued the husband's interest in the property at 50% (his 25% and his wife's 25%) of the total value of the Putnam County property or $20,000.

Valuation of Financial Accounts.
The trial court included in the equitable distribution scheme $35,261 in funds from the parties' Schwab account while at the same time including $6,071 in funds from a SouthTrust Bank account. The record shows that the wife opened the SouthTrust Bank account eight days after the valuation date with funds obtained from the Schwab account. The trial court has the discretion to use a valuation date it finds "just and equitable under the circumstances" and may even give different assets different valuation dates. § 61.075(6), Fla. Stat. (1995). Here, however, the use of different valuation dates resulted in an injustice. The wife admitted that on October 12, 1996, eight days after the valuation date, she withdrew $9,771 from the Schwab account and opened the SouthTrust Bank account. At the time of the final hearing, the SouthTrust Bank account was valued at $6,071. The trial court nevertheless used the $35,261 value for the Schwab account and the $6,071 value for the SouthTrust Bank account in the calculation of assets. The court thus erred by including the same funds twice in the equitable distribution. See Hedendal v. Hedendal, 695 So.2d 391 (Fla. 4th DCA 1997)(amount removed by former husband from account jointly held with former wife, and placed in educational account to *332 benefit parties' child, was improperly assessed against husband twice, when account was divided equally between husband and wife prior to removal, and amount placed in educational account was listed in equitable distribution schedule as asset of husband). Accordingly, we remand the case to the trial court to determine the extent to which the SouthTrust funds were a duplication of funds already accounted for in the Schwab account and to make any necessary adjustments in the allocation.

Residential Properties.
Competent substantial evidence supports the trial court's findings regarding the value of the parties' two residential properties. The wife, as co-owner, was qualified to testify about the value of the property. See Akers v. Akers, 582 So.2d 1212 (Fla. 1st DCA), review denied, 592 So.2d 679 (Fla. 1991). The trial court, as factfinder, did not abuse its discretion in accepting the wife's valuation testimony over that of the husband. See Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976). Accordingly, we affirm the trial court's finding regarding value of the residences.

Wife's Pension Plan.
The trial court erred by failing to account in any way for the wife's pension plan in the equitable distribution scheme. The pension plan was a marital asset because it resulted from the wife's employment with Maxwell House Coffee for over 18 years during the marriage.
Section 61.076(1), Florida Statutes (1995), provides:
All vested and non-vested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation and insurance plans and programs are marital assets subject to equitable distribution.
See Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986). Moreover, section 61.075(3), Florida Statutes, requires specific written findings of fact as to identification of marital and nonmarital assets and as to the value and allocation of marital assets. Here the trial court made no findings regarding the wife's pension plan and did not include it in equitable distribution. Accordingly, we must require the trial court on remand to consider the pension plan as an asset subject to equitable distribution. See Vaccaro v. Vaccaro, 677 So.2d 918 (Fla. 5th DCA 1996)(former wife's pension which accrued during marriage was marital asset subject to equitable distribution).
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
MICKLE and DAVIS, JJ., concur.