993 So.2d 1065 (2008)
Ronald M. STORN, Former Husband, Appellant/Cross-Appellee,
v.
Sarah A. STORN, n/k/a Sarah S. Anthony, Former Wife, Appellee/Cross-Appellant.
No. 1D07-1462.
District Court of Appeal of Florida, First District.
June 16, 2008.
Rehearing Denied July 31, 2008.
*1066 Sandra J. Mathis, Michael L. Scheve and Patrick J. Kilbane of Rogers Towers, P.A., Jacksonville, for Appellant/Cross-Appellee.
Homer A.C. Bliss, Jacksonville; Michael J. Korn and Mary C. Coxe of Korn & Zehmer, P.A., Jacksonville, for Appellee/Cross-Appellant.
PER CURIAM.
Appellant/Former Husband appeals the trial court's final judgment dissolving the parties' marriage, distributing their assets, and denying his request for alimony. Appellee/Former Wife cross-appeals, contending that the court erred in its equitable distribution scheme. Because we find merit in some arguments raised, we reverse and remand for the trial court to reconsider its equitable distribution order. We affirm all other issues raised by the parties.
The parties were married for over 30 years. During this time they, along with their employers, contributed to various retirement accounts and plans. Appellee properly concedes that the trial court overlooked two of these plansher pension from Morgan Stanley and a Traveler's Annuity which she received while working at Burdine'sfrom its distribution of assets. The Morgan Stanley pension is properly marital property, as is a part of the Traveler's Annuity. See § 61.075(5), Fla. Stat. (2003). As the trial court failed to include either of these accounts in its order, we remand for reconsideration and distribution of these accounts.
Additionally, upon reconsidering its equitable distribution scheme, the trial court should not include Appellee's Red Fox Account, which it previously determined was a marital asset and awarded to Appellee. Although Appellant argues that he presented sufficient evidence showing that the account was a marital asset, he fails to state what evidence he presented. Upon our review of the record, we find no evidence that this was a marital asset, as Appellee testified that the account contains money from her mother's trust fund and that marital funds had never been commingled with it; therefore, the court erred by considering this account to be marital property. Cf. Crockett v. Crockett, 708 So.2d 329, 330 (Fla. 1st DCA 1998) ("Although the wife argues on appeal that the loan was made from her separate account with inherited funds, she did not establish the nonmarital character of the account at trial. The funds lost any arguable separate identity when the wife commingled them with her overtime earnings made during the marriage.").
AFFIRMED in part, REVERSED in part, and REMANDED.
BROWNING, C.J., KAHN and THOMAS, JJ., concur.