983 So.2d 773 (2008)
Ruth MERCURIO, Appellant,
v.
Richard Lee HEADRICK, as personal representative of the Estate of Talmadge Leo Headrick, Appellee.
No. 1D07-4705.
District Court of Appeal of Florida, First District.
June 18, 2008.
Joel F. Foreman of Foreman & Olvera, P.A., Lake City, for Appellant.
Thomas J. Kennon of Robinson, Kennon & Kendron, P.A., Lake City, for Appellee.
KAHN, J.
Appellant Ruth Mercurio appeals a final order partitioning property she and the late Talmadge Headrick held as joint tenants with right of survivorship. Because Mr. Headrick died before the proceedings below produced a final order of partition, the joint tenancy was intact at his death. Ms. Mercurio, by reason of the joint tenant's death, owned an undivided interest in the property. We therefore reverse the posthumously rendered partition order and remand for entry of summary judgment for Ms. Mercurio.

BACKGROUND
Ms. Mercurio and Mr. Headrick acquired the property at issue as joint tenants with right of survivorship in 2004. In May 2006, Mr. Headrick filed the action below, seeking partition of the property by way of a complaint alleging, in relevant part, the following: (1) the property "is owned by Plaintiff and Defendant as joint tenants with right of survivorship, with each party owning an undivided interest in the property," (2) "[t]he property is not reasonably susceptible of an equitable physical division because of the configuration of certain improvements on it. A private sale of the property . . . would not be prejudicial to the interest of the Defendant," *774 and (3) the partition action was for both parties' benefit.
Ms. Mercurio filed an answer to the complaint with the following admissions, among others: (1) she and Mr. Headrick owned the property as joint tenants with right of survivorship, (2) a private sale, rather than an equitable distribution, would avoid prejudice to her interests, and (3) the partition action was for both parties' benefit. Ms. Mercurio denied, however, an allegation in the complaint that Mr. Headrick provided funds for the full purchase price of the real estate and should receive all interest in the property upon its sale.
The trial court ordered the parties to mediation in September 2006, but they apparently did not reach an agreement over their lingering disputes before Mr. Headrick died in late October. Ms. Mercurio moved for summary judgment on the ground that the joint tenancy remained intact at Mr. Headrick's death, and that she was entitled to an undivided interest in the property as his joint tenant with a right of survivorship. Both the original judge and his successor judge denied Ms. Mercurio's motion, finding that Ms. Mercurio's admissions in her answer signified the parties' mutual intent to partition the property. The successor judge ultimately rendered a final order partitioning the property and directing the parties to sell it at a private sale. Ms. Mercurio appeals that order.

ANALYSIS
The question in this case is whether a pending action to partition a joint tenancy with right of survivorship survives one joint tenant's death. We hold that such an action does not survive the death of a joint tenant and, accordingly, absent a final judgment of partition at the tenant's death, the action is abated, because the surviving tenant receives full title to the property, consistent with the right of survivorship.
This issue is one of first impression in Florida. Other jurisdictions, however, have confronted the question, and we adopt their common approach which we find persuasive and logical.
In Cobb v. Gilmer, a family law case, the Court of Appeals for the District of Columbia noted "the apparently universal rule in this country is that a pending suit for a partition of a joint tenancy does not survive the death of one of the tenants." 365 F.2d 931, 933 (D.C.Cir.1966). Missouri's intermediate appellate court has held that, even where both joint tenants state on the record that they do not object to partition, the partition action abates when one of the joint tenants dies before the property at issue can be sold. Heintz v. Hudkins, 824 S.W.2d 139, 142 (S.D.Mo.Ct.App.1992) (observing "the universal rule in the United States is that a pending suit for partition of a joint tenancy does not survive the death of one of the tenants"). Other jurisdictions have reached the same result when presented with similar facts. See, e.g., Brown v. Brown, 95 Ohio Misc.2d 38, 706 N.E.2d 872 (1998) (holding that action for partition was extinguished upon joint tenant's death); Allison v. Powell, 333 Pa.Super. 48, 481 A.2d 1215 (1984) (holding that pending action to partition real property held by joint tenants with right of survivorship did not survive death of joint tenant, even where parties, pre-death, agreed on terms of sale of property).
This approach comports with the established and undisputed rule in Florida that only a complete, final conveyance or disposition of jointly held property severs a joint tenancy with right of survivorship. See Kozacik v. Kozacik, 157 Fla. 597, 26 So.2d 659, 661 (1946) (discussing requirement *775 that act severing joint tenancy must "preclude [joint tenant] from claiming by survivorship any interest in the subject matter of the joint tenancy"); see also Crockett v. Crockett, 708 So.2d 329, 331 (Fla. 1st DCA 1998) ("A joint tenancy may be terminated by any act that destroys one or more of the necessary unities of interest, title, time, and possession, provided the act of the joint tenant who severs his interest is such as to preclude him from claiming any survivorship interest in the subject matter of the joint tenancy."); Harelik v. Teshoney, 337 So.2d 828 (Fla. 1st DCA 1976) (same).
We find further support in analogous Florida family law cases in which courts have held that the death of one party terminates a pending divorce action. In Marlowe v. Brown, for instance, where the husband died during the pendency of a divorce action in which both parties filed petitions for dissolution, the Fourth District held, "The dissolution of marriage action terminated with the death of the husband and the dissolution judge should have dismissed the case upon the wife's motion." 944 So.2d 1036, 1039 (Fla. 4th DCA 2006). Other cases reach a like result. See, e.g., Simpson v. Simpson, 473 So.2d 299, 299 (Fla. 3d DCA 1985) ("We agree with the trial court that the action for dissolution of marriage terminated with the death of the wife and was properly dismissed."); Messana v. Messana, 421 So.2d 48, 48 (Fla. 4th DCA 1982) ("When a party to a divorce action dies before the trial court signs a written order of dissolution, the trial court must dismiss the action."); Jaris v. Tucker, 414 So.2d 1164, 1166 (Fla. 3d DCA 1982) (holding that courts lack power in divorce cases to enter post-mortem final judgments because "the death itself has already terminated the marriage"); see also Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105, 107 (1944) (holding that divorce action should have been dismissed upon death of one spouse). These cases provide persuasive reasoning here. This case, as many divorce cases, involves a dispute over the disposition of jointly held property. In the case of a joint tenancy, the death of one party resolves that dispute by operation of law. See Beal Bank, SSB v. Almand & Assocs., 780 So.2d 45, 53 (Fla.2001) (discussing general rule that, "[i]n a joint tenancy with right of survivorship, . . . for purposes of survivorship, each joint tenant owns the whole . . ., so that upon death the remainder of the estate passes to the survivor").

CONCLUSION
We adopt what other jurisdictions have recognized as "the apparently universal rule in this country" and hold that the action for partition abated when Mr. Headrick died. We REVERSE the summary judgment entered for Mr. Headrick's estate and REMAND for entry of summary judgment for Ms. Mercurio, giving effect to the undivided interest in the property that vested in her as Mr. Headrick's joint tenant with a right of survivorship.
BROWNING, C.J., and THOMAS, J., concur.