# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**CHARLES WEISBLAT,**
as Personal Representative of the **ESTATE OF SOL WEISBLAT,**
Appellant,

v.

**JANICE FELDMAN,**
Appellee.

No. 4D22-525

[April 5, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE19-026498.

Ken Taninaka of Salomon, Kanner, Damian & Rodriguez, P.A., Miami, for appellant.

Mark Perlman of Mark Perlman, P.A., Hollywood, for appellee.

GERBER, J.

In this quiet title action, the defendant estate appeals from three circuit court orders: (1) the final judgment granting the plaintiff's summary judgment motion to quiet title to the subject property in the plaintiff's favor; (2) an earlier order denying the estate's amended summary judgment motion on the plaintiff's quiet title action; and (3) an order denying the estate's motion for reconsideration of that earlier order. We reverse these orders, and direct that the circuit court enter a final summary judgment in the estate's favor on the plaintiff's quiet title action.

## *Procedural History*

The procedural history is straightforward and undisputed. In 1995, the decedent and the plaintiff's mother took title to the subject property pursuant to a warranty deed, as joint tenants with right of survivorship. In 2006, the decedent issued a quitclaim deed to himself, stating that the quitclaim deed's purpose was to "terminate the Joint Tenancy with Right of Survivorship" and to create a tenancy in common. In 2014, the decedent died. In 2018, the plaintiff's mother conveyed her interest in the property

to the plaintiff. The decedent's estate then claimed a one-half interest in the property arising from the decedent's 2006 quitclaim deed.

The estate's claim prompted the plaintiff, in 2019, to file the instant quiet title action in which she claimed to be the property's sole owner. Pertinently, the complaint alleged:

> There was no consideration for the [d]ecedent's … 2006 [quitclaim] [d]eed to himself, and the joint owner, [the plaintiff's mother], did not join in the execution of this deed.
>
> ….
>
> A joint tenancy with right of survivorship can only be terminated by a conveyance to a third party or upon mutual agreement of both owners. *Kozacik v. Kozacik*, 26 So. 2d 659 (Fla. 1946)[.]
>
> ….
>
> Accordingly, the … 2006 [quitclaim] [d]eed is a nullity, and upon the death of [the decedent], his interest passed to [the plaintiff's mother] pursuant to the … 1995 [d]eed creating a joint tenancy with right of survivorship.

(paragraph numbering deleted).

The estate filed an answer, affirmative defenses, and counterclaim for partition (count 1) and use and occupation (count 2). After an amendment, one of the estate's affirmative defenses alleged the plaintiff's claim failed to state a claim upon which relief could be granted. According to the estate:

> [The decedent's] 2006 … quitclaim deed [to himself] … had the effect of terminating the joint tenancy with right of survivorship and creating a tenancy in common between [the decedent] and [the plaintiff's mother]. *See Countrywide Funding Corp. v. Palmer*, 589 So. 2d 994, 995 (Fla. 2d DCA 1991) (joint tenant may terminate joint tenancy with right of survivorship by his conveyance of his interest to himself without a straw man).

Based on this affirmative defense and the estate's other affirmative defenses, the estate filed a motion for summary judgment, which the estate later amended. The estate's amended summary judgment motion relied

2

on the Second District's *Countrywide* opinion and our opinion in *Schlossberg v. Estate of Kaporovsky*, 303 So. 3d 982 (Fla. 4th DCA 2020), which had cited *Countrywide* with approval.

The plaintiff filed a response to the estate's amended summary judgment motion. Pertinently, the plaintiff's response argued:

> [The estate's] … argu[ment] that the [d]ecedent could lawfully terminate a [j]oint [t]enancy with right of survivorship and create a Co-tenancy without survivorship rights by executing a Quit Claim Deed to himself [.].. is contrary to … *Kozacik* …, 26 So. 2d [at 661, … in which] the Florida Supreme Court stated the general rule pertaining to the termination of a [j]oint [t]enancy with right of survivorship as follows:
>
>> [A] joint tenancy may be terminated by any act which destroys one or more of its unities, provided the act of the joint tenant who severs his interest is such as to preclude him from claiming by survivorship any interest in the subject matter of the joint tenancy. … Accordingly, it is settled that a joint tenancy will be terminated by the alienation or conveyance by a joint tenant of his interest in the realty to a stranger, [f]or by such … act, the unity of title is destroyed and the unity of possession is gone.
>
> The Fourth District … followed this general rule in *Wittock* [*v. Ramponi*, 446 So. 2d 271 (Fla. 4th DCA 1984),] … when it held: "The law is clear that the creation of a joint tenancy with a right of survivorship can be terminated by the conveyance of an interest of any joint tenant to a stranger." [*Id.* at 271.]

(paragraph numbering deleted).

The plaintiff's response further argued:

> Th[e] Second District['s] … *Countrywide* [decision] … cannot overrule the Supreme Court's decision in *Kozacik* or the Fourth District's decision in *Wittock* that rights of survivorship can only be terminated by conveyance to a stranger.

3

Further, the [Fourth District's 2020 opinion in] *Schlossberg* cannot retroactively destroy the vested property rights that Plaintiff and her [mother] enjoyed since 1995.

(paragraph numbering deleted).

After a hearing, the circuit court entered an order denying the estate's amended motion for summary judgment, reasoning:

> [A]t the time that [the decedent] entered into the … 2006 Quit Claim Deed for estate planning purposes, the applicable law was that [the decedent] had to destroy one or more unities of title such as by a conveyance of his interest in the subject property to a stranger (rather than to himself) in order to terminate the joint tenancy with right of survivorship.

The estate filed a motion for reconsideration of the order denying its amended motion for summary judgment. The circuit court denied the estate's motion for reconsideration.

The plaintiff then filed her motion for summary judgment, arguing she was entitled to judgment as a matter of law, because—as she had argued in her response to the estate's summary judgment motion—the decedent could not "lawfully terminate a [j]oint [t]enancy with right of survivorship by executing a Quit Claim Deed to himself without the joinder of his joint tenant."

The estate filed a response which mirrored the arguments which the estate made in its own summary judgment motion.

After a hearing, the circuit court entered a summary final judgment quieting title in the plaintiff's favor:

> The Court finds that at the time [the decedent] entered into the … 2006 Quit Claim Deed, the applicable law was that [the decedent] had to destroy one or more unities of title such as by a conveyance of his interest in the subject property to a stranger (rather than to himself) in order to terminate the joint tenancy with right of survivorship. *Kozacik v. Kozacik*, 26 So. 2d 659 (Fla. 1946); *Wittock v. Ramponi*, 446 So. 2d 271 (Fla. 4th DCA 1984)[.] The joint tenancy with right of survivorship between [the decedent] and [the plaintiff's mother] was not terminated upon [the decedent's] conveyance of his interest in the [property] to himself via the recorded … 2006 Quit Claim

4

Deed. The recorded ... 2006 Quit Claim Deed under which the Defendant ... Estate ... claims to have an undivided 50% interest in the foregoing [property] constitutes a cloud on title.

### *This Appeal*

This appeal followed. The estate argues the circuit court erred in granting the plaintiff's summary judgment motion and denying the estate's amended summary judgment motion. Relying on the Second District's opinion in *Countrywide*, the estate argues the 2006 quitclaim deed—pursuant to which the decedent conveyed his interest in the property to himself—effectively terminated the joint tenancy with right of survivorship and created a tenancy in common.

The estate also argues *Kozacik and Wittock* do not conflict with *Countrywide*, as those earlier cases did not preclude the possibility of a joint tenancy being terminated by a self-conveyance without the use of a strawman. *See Kozacik*, 26 So. 2d at 661 ("[A] joint tenancy **may** be terminated by any act which destroys one or more of its unities, provided the act of the joint tenant who severs his interest is such as to preclude him from claiming by survivorship any interest in the subject ... of the joint tenancy.") (emphases added); *Wittock*, 446 So. 2d at 271 ("[T]he creation of a joint tenancy with a right of survivorship **can** be terminated by the conveyance of an interest of any joint tenant to a stranger.") (emphases added).

The estate further argues that this court—albeit on a different set of facts—has adopted *Countrywide*'s reasoning. *See Schlossberg*, 303 So. 3d at 986-87 ("Applying the principle of [*Countrywide*] to this case, ... when the quitclaim deed was executed by both trustees and by the settlor individually, [transferring the property to themselves,] the deed accomplished with a single conveyance the same requirements as two separate conveyances. We see no need to demand two separate conveyances.").

We agree with the estate's arguments. *Countrywide* and *Schlossberg* are dispositive. Further, *Kozacik* and *Wittock* do not hold that rights of survivorship can **only** be terminated by conveyance to a stranger, as the plaintiff apparently led the circuit court to rule below.

As in the instant case, the question in *Countrywide* was whether a joint tenancy with right of survivorship could be terminated by a deed from one joint tenant to himself. The deeded property had been owned by a mother and son with right of survivorship. 589 So. 2d at 995. Through a

5

quitclaim deed, the property was conveyed to the son individually, but it was shown that the mother's signature was forged. *Id.* Therefore, only the son conveyed to himself. *Id.* Pertinently, the trial court concluded: "Because the quit claim deed included a conveyance directly from the son to himself and the son did not first convey his interest to a strawman who then conveyed back to the son, under Florida law the conveyance to the son was ineffective; therefore, the quit claim deed did not terminate the joint tenancy with right of survivorship." *Id.*

On appeal, the Second District disagreed that conveyance to a strawman was necessary:

> We recognize, as did the trial court, that a joint tenant under a joint tenancy with right of survivorship is entitled to terminate the joint tenancy by the conveyance of his interest to a third party. However, *Ratinska v. Estate of Denesuk*, 447 So. 2d 241 (Fla. 2d DCA 1983), held that **although, in the creation by a person of a joint tenancy with right of survivorship in that person and another, the use of a strawman to whom to first convey that person's interest before the time of the conveyance creating the joint tenancy is "an acceptable method of obtaining the desired result," that "does not make it the only available or even the most desirable method."** 447 So. 2d at 243. As *Ratinska* added, "**We see no point in requiring that property be conveyed twice when a single conveyance is just as effective and has the virtues of economy and efficiency**." *Id.* Although *Ratinska* was concerned with the creation of a joint tenancy, we see no reason why the rationale of that case would not also apply to the termination of a joint tenancy.
>
> Thus, we conclude that a joint tenancy with right of survivorship can be, and was in this case, terminated and a tenancy in common created by a conveyance by one joint tenant of his interest to himself.

*Id.* at 995-96 (emphases added; other internal citation omitted).

In *Schlossberg*, we adopted *Countrywide*'s reasoning. *See Schlossberg*, 303 So. 3d at 986-87 ("Applying the principle of [*Countrywide*] to this case, … when the quitclaim deed was executed by both trustees and by the settlor individually, [transferring the property to themselves,] the deed accomplished with a single conveyance the same requirements as two

6

separate conveyances. We see no need to demand two separate conveyances.").

Here, as in *Countrywide*, the joint tenancy with right of survivorship could be, and was, terminated and a tenancy in common created by a conveyance by one joint tenant—the decedent—of his interest to himself. *Countrywide*, 589 So. 2d at 995-96.

### *Conclusion*

Based on the foregoing, we reverse the summary final judgment quieting title in the plaintiff's favor, the order denying the estate's amended motion for summary judgment, and the order denying the estate's motion for reconsideration. We remand with directions to the circuit court to enter final summary judgment in the estate's favor on the plaintiff's quiet title action, and to conduct further proceedings on the estate's counterclaims for partition (count 1) and use and occupation (count 2). The estate's alternative arguments on appeal lack merit, without further discussion.

*Reversed and remanded with directions.*

WARNER and LEVINE, JJ., concur.

*     *     *

**_Not final until disposition of timely filed motion for rehearing._**