**MURPHY, Trustee, Appellant,**

**v.**

**MURPHY, Appellee.**

[Cite as *Murphy v. Murphy* (1991), 77 Ohio App.3d 573.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900932.

Decided Oct. 2, 1991.

*Keating, Ritchie, Norwine & Swick, John C. Norwine* and *Kevin L. Swick,* for appellant.

*Nicholas A. Perrino,* for appellee.

---

KLUSMEIER, Judge.

The final order from which this appeal is taken is that which granted the motion for summary judgment of the defendant-appellee, Glenna A. Murphy, and denied the motion for summary judgment of the plaintiff-appellant, Michael P. Murphy.  For the reasons which follow, we affirm.

## I

Glenna Murphy married William J. Murphy, the father of Michael Murphy, in 1973.  The couple divorced in 1976, then reconciled a year later and resumed living together without remarrying.  In 1980, they agreed to purchase a house from the parents of Glenna Murphy's first husband.  In her affidavit in support of her motion for summary judgment, Glenna Murphy asserted that her former in-laws reduced the price of the home from $24,000 to $17,500 "to directly benefit her."  The words of limitation used in the deed are as follows:

"William J. Murphy, single, and Glenna A. Murphy, single, for their joint lives, remainder to the survivor of them, their separate heirs and assigns."

Glenna and William Murphy separated again in 1987.  On or about January 12, 1988, William Murphy executed a deed purporting to convey his undivided one-half interest in the real estate to Thomas J. Geygan, trustee.

William Murphy died on October 19, 1988.  On or about December 20, 1988, Glenna Murphy filed an "Affidavit for Transfer to Survivor" for the purpose of showing her to be the sole owner in fee simple absolute of the real estate. On the very next day, Thomas Geygan, trustee, transferred his interest in the property to Michael Murphy, who later transferred it to himself in trust.

Michael Murphy brought an action in the trial court to partition the property in order to obtain his alleged interest in the real estate.  In granting Glenna Murphy's motion for summary judgment, however, the trial court found that, upon the death of William Murphy, Glenna Murphy became the sole owner vested with the entire fee simple title to the property.

In his sole assignment of error, Michael Murphy asserts that the trial court erred because, under Ohio law, a joint tenancy is severed, and the right of survivorship extinguished, by an *inter vivos* conveyance to a third party.  We disagree.

## II

As it existed under the common law of England, the primary characteristic of a joint tenancy was the right of survivorship or *jus accrescendi.* The entire tenancy on the death of any joint tenant remained to the survivors, and at length to the last survivor, and then to his or her heirs. From early on, however, the Ohio Supreme Court demonstrated a distinct antipathy toward the right of survivorship incident to a joint tenancy. In *Sergeant v. Steinberger* (1826), 2 Ohio 305, the court stated:

"The reasons which gave rise to this description of estate in England, never existed with us. The *jus accrescendi* is not founded in principles of natural justice, nor in any reasons of policy applicable to our society or institutions. But, on the contrary, it is adverse to the understandings, habits, and feelings of the people." *Id.* at 306.

Indeed, the court emphatically disavowed the joint tenancy as it existed under common law. "Under the laws of Ohio, estates in joint tenancy do not exist * * *." *Farmers' & Merchants' Natl. Bank v. Wallace* (1887), 45 Ohio St. 152, 165, 12 N.E. 439, 452. "[T]he common law, so far as it related to the subject of the estate by joint tenancy, would not be recognized in Ohio * * *." *Kerwhaker v. Cleveland, Columbus & Cincinnati RR. Co.* (1859), 3 Ohio St. 172, 178.

The court did acknowledge, though, that a contractual right of survivorship could be created by an express provision in the conveyance. Thus, in *In re Estate of Hutchison* (1929), 120 Ohio St. 542, 552, 166 N.E. 687, 691, the court held that "[i]f * * * a donor or grantor, by the operative words of the gift or grant, clearly expresses an intention to give the right of survivorship, such words will not be disregarded." Such recognition, however, was based on contract, rather than the common law of joint tenancy. Thus, in *Lewis v. Baldwin* (1842), 11 Ohio 352, 355, the court stated:

"He holds title, not upon the principle of survivorship, as an incident to a joint tenancy, but as a grantee in fee, as survivor, by the operative words of the deed. The entire estate, by the death of his wife, is vested in him and his heirs. This is the effect of the words of grant, contained in the instrument of conveyance." See, also, *Koster v. Boudreaux* (1982), 11 Ohio App.3d 1, 3, 11 OBR 12, 14, 463 N.E.2d 39, 43.

At common law, the general rule was that a joint tenant could freely alienate his interest, and such a transfer severed the joint tenancy and extinguished the right of survivorship between the remaining joint tenants and the third-party grantee. Moynihan, Introduction to the Law of Real Property (1977) 221, Section 3. The rationale for the rule was that the transfer destroyed the fourfold unity of ownership necessary to a joint

tenancy: the unity of interest, the unity of title, the unity of time, and the unity of possession. See 2 Black's Commentaries 180.

We have found no cases, and none have been cited to us, in which a court in Ohio has considered whether a right of survivorship, as it exists under Ohio law, can be so easily extinguished. However, we conclude that it cannot since the case law makes clear that the right of survivorship in Ohio arises from the contractual language of the granting instrument, not as an incident of a joint tenancy as it existed at common law, and we can perceive no basis in contract why a joint tenant should be able to transfer more of an interest than he was originally granted under the deed.

Our conclusion in this regard is consistent with R.C. 5302.20(C)(2), which states in pertinent part:

"A conveyance from any survivorship tenant, or from any number of survivorship tenants that is from less than all of them, to a person who is not a survivorship tenant vests the title of the grantor or grantors in the grantee, conditioned on the survivorship of the grantor or grantors of the conveyance."

At first blush this statute would appear to be controlling. R.C. 5302.21(B), however, states:

"Sections 5302.17 and 5302.20 of the Revised Code do not affect conveyances or devises of real property to two or more persons for their joint lives and then to the survivor or survivors of them, that occurred prior to the effective date of this section and that did not involve tenancies by the entireties. These conveyances and devises, if they are valid on the effective date of this section, continue to be valid on and after that date. Unless persons so holding property choose to do so, they do not have to prepare a deed, as described in section 5302.17 of the Revised Code as effective on the effective date of this section, creating in themselves a survivorship tenancy."

The "effective date of this section" referred to in the statute is April 4, 1985. The deed in the instant case was executed in 1980. Hence, by literal application of the language of R.C. 5302.21(B), R.C. 5302.20 does "not affect" the conveyance in the instant case.

Because we have concluded that, even under prior Ohio law, a contractually created right of survivorship could not be extinguished by an *inter vivos* transfer to a third person, we need not decide here whether R.C. 5302.20(C)(2) has retroactive application. Under either prior Ohio law, as we have interpreted it, or R.C. 5302.20(C)(2), William Murphy could not have deeded away more of an interest than he possessed, and the interest he possessed was contractually subject to a right of survivorship.

The appellant argues that Ohio case law "consistently allowed creditors to reach the interest of a joint owner of real property, regardless of whether or not there was survivorship language in the granting instrument," and that "it logically follows that either party could separately alienate his or her interest." None of the Ohio cases he cites in support of his premise, however, actually holds that, under Ohio law, creditors can defeat a contractually created right of survivorship. Rather, these cases, in discussing the immunity of an estate by the entireties from one spouse's creditors, contrast the estate by the entirety and joint tenancy *as they existed under common law.* As we have seen, however, in Ohio the right of survivorship among co-owners is not "based on the common-law principle of survivorship incident to a joint tenancy, but rather by the operation of the contractual provision between the parties." *Koster, supra,* at 3, 11 OBR at 14, 463 N.E.2d at 43, citing *Hutchison, supra.* Thus, these cases are inapposite.

We note that R.C. 5302.20(C)(4) provides as follows:

"A creditor of a survivorship tenant may enforce a lien against the interest of one or more survivorship tenants by an action to marshal liens against the interest of such debtor or debtors. Every person with an interest in or lien against the interest of such debtor or debtors shall be made a party to the action. Upon a determination by the court that a party or cross-claimant has a valid lien against the interest of a survivorship tenant, the title to the real property ceases to be a survivorship tenancy and becomes a tenancy in common. Each such tenant in common then holds an equal undivided share in the title.   * * * "

This section provides no support to the appellant's argument for obvious reasons. First, this section, according to a literal interpretation of R.C. 5302.21(B), does "not affect" conveyances which occurred before April 4, 1985. Second, even if the general provisions of R.C. 5302.20 were given retroactive application, R.C. 5302.20(C)(2) would certainly be controlling, and, as discussed earlier, that section clearly provides that a survivorship tenant can only alienate his interest to a third party subject to the right of survivorship.

Based on the foregoing, we hold that the trial court did not err when it concluded that Glenna Murphy, by benefit of surviving William Murphy, became sole owner in fee simple absolute of the real estate.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., and HILDEBRANDT, J., concur.