SPITZ, Admr., Appellant,

v.

RAPPORT et al., Appellees.

[Cite as *Spitz v. Rapport* (1992), 78 Ohio App.3d 330.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59827.

Decided Feb. 18, 1992.

*Ratimorszky, Rapoport, Spitz & Friedland* and *Alan J. Rapoport,* for appellant.

*McDonald, Hopkins, Burke & Haber Co., L.P.A.,* and *William J. O'Neill,* for appellee Roger Rapport.

*James Grodin, pro se,* appellee.

*Nannette G. Scherffius, pro se,* appellee.

*Kathy Grodin, pro se,* appellee.

*George Grodin, pro se,* appellee.

NAHRA, Presiding Judge.

James E. Spitz, administrator d.b.n., w.w.a. of the estate of Alma B. Rapport, appeals from the trial court's denial of his summary judgment motion and its entry of summary judgment in favor of Alma Rapport's son, Roger Rapport. For the reasons set forth below, we affirm the decision of the trial court.

On June 23, 1983, Lyndhurst Condominium, Inc. granted a fee interest in Unit 508, Acacia on the Green Condominiums of Lyndhurst, to Alma and Roger Rapport by joint and survivorship deed.

Effective April 4, 1985, R.C. 5302.17 was revised and new R.C. 5302.20 and 5302.21 were enacted. New R.C. 5302.20 provides that one of two or more joint tenants may not unilaterally terminate the survivorship rights of a joint tenancy by conveying its interest to a third party. In 1986, Alma Rapport attempted to terminate the survivorship rights of the joint tenancy in the condominium by quitclaiming her interest to James Grodin. Grodin immediately transferred his rights in the condominium back to Alma Rapport by quitclaim deed.

After Alma Rapport's death, her administrator, James E. Spitz, brought a complaint in probate court seeking a declaration that Alma Rapport's undivided one-half interest in the condominium did not pass to Roger Rapport by survivorship, but to her estate. Roger Rapport brought a counterclaim, asking the court to declare him the sole title holder of the condominium by virtue of his survivorship interest. These parties filed stipulations of fact and cross-motions for summary judgment.

The referee found that Alma Rapport's conveyance to James Grodin did not affect Roger Rapport's survivorship interest in the condominium, and that Roger Rapport was entitled to the condominium to the exclusion of his mother's estate. The court denied summary judgment for Alma Rapport's estate, and granted summary judgment in favor of Roger Rapport. James Spitz, Alma Rapport's administrator, brought this timely appeal.

I

Appellant's first assignment of error reads as follows:

"It was reversible error for the trial court to grant summary judgment against the estate because Section 5302.20, Ohio Revised Code, is not retroactive and does not, by its terms, revise and modify the legal attributes of a joint tenancy with right of survivorship which was originally created prior to the effective date of that statute."

At common law in some jurisdictions, conveyance by a joint tenant of his or her interest to a third party operated to extinguish the right of survivorship. This was so because such conveyance destroyed one of the prerequisite "unities" of common-law joint tenancy with the right of survivorship. The unities include unity of interest, title, time and possession. 20 American Jurisprudence 2d (1965) 96, 108–110, Sections 4, 15 and 16.

■ Appellant argues that Alma Rapport had a common-law right to unilaterally terminate the survivorship rights of the joint tenancy, and that R.C. 5302.20, which prohibits such unilateral termination of survivorship rights, does not apply to this case because it was enacted after the joint tenancy was created.

■ There is no common-law right to unilaterally terminate a joint tenancy with right of survivorship in Ohio, because there is no common-law joint tenancy with right of survivorship in Ohio. *Sergeant v. Steinberger* (1826), 2 Ohio 305 (court renounced survivorship tenancies as adverse to public policy); see, also, *In re Hutchison* (1929), 120 Ohio St. 542, 166 N.E. 687, and *Berberick v. Courtade* (1940), 137 Ohio St. 297, 18 O.O. 50, 28 N.E.2d 636.

Prior to revision of R.C. 5302.17 in 1985, joint tenancy with right of survivorship existed in Ohio solely as a matter of contract, not common law. In *In re Hutchison*, at paragraph two of the syllabus, the Ohio Supreme Court explained that parties may "contract for a joint ownership with the right of survivorship, and at the death of one of the joint owners the survivor succeeds to the title to the entire interest, not upon the principle of survivorship, as an incident to the joint tenancy, but by the operative provisions of the contract." Therefore, appellant had no common-law right to extinguish the survivorship rights of the joint tenancy. Appellant's joint tenancy with right of survivorship existed only as a matter of contract, and that contract did not provide for the unilateral termination of survivorship rights. Compare *Murphy v. Murphy* (1991), 77 Ohio App.3d 573, 576, 602 N.E.2d 1216, 1218 (court affirms trial court's holding that joint tenant could not unilaterally destroy survivorship rights, because "we can perceive no basis in contract why a joint tenant should be able to transfer more of an interest than he was originally granted under the deed").

■ Furthermore, R.C. 5302.20, which provides that one joint tenant may not unilaterally destroy the survivorship interest, is applicable to this case. Appellant claims that R.C. 5302.20 was not intended to apply to preexisting joint tenancies, relying on R.C. 5302.21(B). R.C. 5302.21(B) provides as follows:

"(B) Sections 5302.17 to 5302.20 of the Revised Code do not affect conveyances or devises of real property to two or more persons for their joint lives and then to the survivor or survivors of them, that occurred prior to the effective date of this section and that did not involve tenancies by the entireties. These conveyances and devises, if they are valid on the effective date of this section, continue to be valid on and after that date. Unless persons so holding property choose to do so, they do not have to prepare a deed, as described in section 5302.17 of the Revised Code as effective on the effective date of this section, creating in themselves a survivorship tenancy."

■ We interpret this section to mean that prior valid joint tenancies are not invalidated by the new legislation, but that the new legislation is otherwise fully applicable. Accordingly, this joint tenancy with right of survivorship constitutes a prior valid joint tenancy as a matter of contract, and does not require a new deed for continued validity.

However, Alma Rapport's 1986 conveyance to James Grodin occurred after R.C. 5302.17 to 5302.21 became effective. Pursuant to R.C. 5302.20(C), a conveyance by less than all of the survivorship tenants does not alter the interest of a survivorship tenant who did not join in the conveyance. Appellant's first assignment of error is without merit.

## II

■ Appellant's second assignment of error reads as follows:

"It was reversible error for the trial court to grant summary judgment against the estate because, even if Section 5302.20, Ohio Revised Code, created characteristics or ramifications which must be applied in the interpretation of a survivorship tenancy created before its effective date, such application would be unconstitutional under Section 28, Article II of the Ohio Constitution."

R.C. 5302.20 is not being applied retroactively in this case. Legislation which imposes new duties and obligations on a person's past conduct is impermissibly retroactive. See, e.g., *Lakengren v. Kosydar* (1975), 44 Ohio St.2d 199, 73 O.O.2d 502, 339 N.E.2d 814; compare *State ex rel. Sears, Roebuck & Co. v. Indus. Comm.* (1990), 52 Ohio St.3d 144, 556 N.E.2d 467, paragraph two of the syllabus (application of legislation held unconstitutional where it removed employee's preexisting claim for injuries). In this case, the preexisting joint tenancy with right of survivorship was not invalidated. However, the conveyance or conduct at issue occurred in 1986, after the 1985

effective date of R.C. 5302.20.   Appellant's second assignment of error is without merit.

*Judgment affirmed.*

Francis E. Sweeney and James D. Sweeney, JJ., concur.