**In re William L. CLINE, Debtor.**

**Bankruptcy No. 1–92–05674.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Jan. 11, 1994.

Norman L. Slutsky, Cincinnati, OH, for debtor.

Thomas D. Richards, Michael E. Clancey, Cincinnati, OH, for Provident Bank.

David M. Kothman, Cincinnati, OH, for Repro–Art.

James K. Ferris, Cincinnati, OH, Trustee.

### DECISION ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

BURTON PERLMAN, Chief Judge.

In this Chapter 7 bankruptcy case, creditors Repro–Art Service, Inc. and the Provident Bank ("movants") have filed a joint motion on objections to exemptions claimed by the debtor. Pre-trial conference was held regarding the objections and as a consequence cross-motions for summary judgment were filed by the movants and by the debtor. Debtor had filed motions to strike in connection with the objections. These were mooted by the proceedings at the pretrial conference.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(A) and (B).

Two species of exemption are here in issue. The first is certain retirement funds in 401k and IRA accounts. The other is a claimed exemption of the entire equity in debtor's residence. We deal with these claims of exemption separately.

1. Retirement funds. In his schedules, debtor claims an exemption of $4,660.00 in a 401k account from Cline–Anderson; $13,-400.00 in a Nationwide IRA account; and $60,300.73 in "rollover IRAs from 401k of previous employer." In his schedules, therefore, debtor is claiming an exemption for retirement funds totaling $78,360.73.

In resolving the objection to this claim, this court is obliged to apply Ohio Revised Code § 2329.66. The test there set forth is that such funds can be exempted only to "the extent reasonably necessary for the support of the person and any of his dependents." We apply this test to the facts.

The facts are undisputed. Debtor is 46 years old and is employed as vice president of international sales at Liebel Florsheim at a salary of $80,000.00 per year. Debtor worked for Liebel Florsheim from 1972 until 1987 in various sales and marketing positions. He left Liebel Florsheim in November, 1987, when his position was vice president of sales and marketing at a salary of approximately $75,000.00 per year. He returned to Liebel Florsheim in April, 1992. Debtor is married, and his wife works outside the home. She is employed by Community Mutual at a salary of approximately $45,000.00 per year. Debtor and his wife have two children, ages 24 and 19. The older child is married and is no longer dependent on debtor. The other child is a college student. She is dependent upon her parents for approximately $8,000.00 per year in expenses. The family currently has no medical problems. Debtor currently contributes to a 401k plan at his employer, and is currently contributing the maximum amount of $7,700.00 per year. Debtor's wife also contributes to a 401k plan with her employer.

On these facts, it is clear to us that the funds claimed exempt may not be exempted because they are not "reasonably necessary for the support of the person and any of his dependents." We reach this conclusion in light of the age of the debtor and his established earning capacity. These factors taken together show conclusively that debtor has adequate time to assemble a retirement fund hereafter. We deal with cases such as the present on a case-by-case basis. *In re Kochell,* 732 F.2d 564 (7th Cir.1984). The factors upon which we rely are well established in this field. *In re Flygstad,* 56 B.R. 884 (Bankr.N.D.Iowa 1986).

2. Homestead exemption. In his schedules, debtor states that there is an equity of $85,-500.00 in his residence. Movants object to this exemption. The basis for the claim of exemption is that debtor says that he holds it with his wife as tenants by the entireties. Movants contend that this cannot avail debtor.

In their objection, movants assert, first, that the requisite formalities to establish a tenancy by the entireties pursuant to Ohio law are not present, and, second, even if there is a survivorship tenancy, creditors of debtor can levy against his interest.

Debtor and his wife took title to their residence at 11534 Kemperwoods Drive in Cincinnati, Ohio, in 1983. The granting clause in their deed provided:

> ... does hereby GRANT, BARGAIN, SELL AND CONVEY to the said William L. Cline and Carole A. Cline, for their joint lives remainder to the survivor of them, his or her heirs and assigns forever, the following described REAL ESTATE ...

This language closely paralleled that of the Ohio statute, Ohio Revised Coded § 5302.17, in effect in 1983, which required certain form language to create a tenancy by the parties in Ohio, that statutory language being:

> ... for valuable consideration paid, grant(s), covenants (if any) to husband and wife, for their joint lives, remainder to the survivor of them ...

We hold that the language employed in the deed to debtor and his wife was sufficient to create a tenancy by the entireties. *See In re Havens,* 68 B.R. 403 (S.D.Ohio 1986).

Some background about tenancies by the entireties should be stated. Entireties estates entered Ohio law in 1972, there having

been no common law tenancy by the entireties recognized in Ohio prior thereto. It was the established law in Ohio with respect to tenancies by the entireties that an estate so held could not be partitioned by a creditor of one of the tenants. *Central National Bank of Cleveland v. Fitzwilliam,* 12 Ohio St.3d 51, 465 N.E.2d 408 (1984). This was the state of the law in Ohio until 1985.

■ Then, in 1985, the Ohio legislature enacted §§ 5302.20 and 5302.21 in addition to amending § 5302.17. These enactments substantially changed the law regarding survivorship tenancies in Ohio. Thereafter, pursuant to § 5302.20(C)(4), a creditor of one survivorship tenant could reach that tenant's interest in the real estate. After 1985, a tenancy by the entireties as it was known from 1972 to 1985 could no longer be created in Ohio.

■ In the case before us we have a tenancy by the entireties created prior to 1985, and a contention by movants that such tenancy is not insulated from the claims of creditors of one of the joint tenants, the reason that it is not insulated being the adoption in 1985 of § 5302.20(C)(4). Debtor, to the contrary, contends that his interest in his residence is not subject to that latter section of the Ohio Revised Code.

The ultimate question, then, is whether the 1985 survivorship enactment has any application to an entireties tenancy which arose under the pre–1985 statute. We hold that it does not. Our basis for so holding is that that is the clear import of Ohio Revised Code § 5302.21(A), which provides as follows:

> (A) Sections 5302.17 to 5302.20 of the Revised Code do not affect deeds that were executed and recorded prior to the effective date of this section and that created a tenancy by the entireties in a husband and wife pursuant to section 5302.17 of the Revised Code as it existed prior to the effective date of this section. If spouses covered by such deeds are tenants by the entireties on the day prior to the effective date of this section, such deeds continue to be valid on and after such effective date, and, unless they choose to do so, the spouses do not have to prepare a deed, as

described in section 5302.17 of the Revised Code as effective on the effective date of this section, creating in themselves a survivorship tenancy.

To hold otherwise would render meaningless the express desire of the Ohio legislature to preserve a "tenancy by the entireties in a husband and wife pursuant to § 5302.17 of the Revised Code as it existed prior to the effective date of this section." To say that the chief attribute of a tenancy by the entireties, immunity from the creditors of a tenant, was removed by the 1985 legislation would be to read § 5302.21(A) out of the statute.

The joint movants argue that that ought precisely to be the effect of the statutory enactment in 1985 of § 5302.20(C)(4), supporting this contention by reference to *Spitz v. Rapport,* 78 Ohio App.3rd 330, 604 N.E.2d 801 (Cuyahoga County, 1992). In the *Spitz* case, Alma Rapport and her son Roger held an interest in a condominium by joint and survivorship deed, the interest having been acquired in 1983. In 1986, Alma attempted to terminate the survivorship rights of the joint tenancy by conveying her interest to a third party and having the third party transfer the interest back to Alma. Such a device would have been effective prior to the time that Ohio Revised Code § 5302.20 was adopted in 1985. But the 1985 enactment of § 5302.20(C)(2) expressly disabled such a device. The administrator of Alma's estate, contending that his decedent's interest passed to her estate and not to Roger upon her death, argued that § 5302.20, "which prohibits ... unilateral termination of survivorship rights, does not apply to this case because it was enacted after the joint tenancy was created." *Id.* at 333, 604 N.E.2d 801. Rejecting the claim of the administrator that § 5302.20 "was not intended to apply to pre-existing joint tenancies", the court said that § 5302.20(C) did apply to the situation, notwithstanding that the estate was created pre–1985, and that the ban against alteration of survivorship interests by one of the joint tenants did apply despite the fact that the estate was created pre–1985. *Id.* at 333–34, 604 N.E.2d 801.

The *Spitz* case, however, is entirely distinguishable from that before us. It was not a

tenancy by the entireties which was at issue in *Spitz*, but rather a joint tenancy with right of survivorship. As stated by the court in *Spitz*, the only basis for the tenancy in the transaction there in issue arose by contract. This is to be contrasted with the estate in the case before us. In the present case the estate was created by statute. In *Spitz*, the court found that there was nothing in the contract which was inconsistent with § 5302(C)(2). By contrast, § 5302(C)(4) is totally inconsistent with case law as it stood prior to the 1985 enactment. *See National Bank of Cleveland v. Fitzwilliam*, 12 Ohio St.3d 51, 465 N.E.2d 408 (1984).

In light of the foregoing discussion, we hold that the objection of joint movants to the claim of exemption in retirement funds is well taken and will be sustained. The objection of joint movants to the claim of exemption by debtor in his residence held with his wife as tenants by the entireties is without merit and will be overruled.