**BROWN**

v.

**BROWN et al.**

Court of Common Pleas of Ohio,
Belmont County.

No. 98–CV–250.

Decided Oct. 30, 1998.

*Yoss & Hampton* and *Thomas A. Hampton,* for plaintiff.

*Hanlon, Duff, Paleudis & Estadt Co., L.P.A,* and *Michael P. Mc Cormick,* for defendant.

---

JENNIFER L. SARGUS, Judge.

By virtue of a survivorship deed to themselves dated October 31 and November 10, 1994, recorded in Volume 703, Page 301 of the Belmont County Record of Deeds, William M. Brown and his wife, Ruth M. Brown (plaintiff herein), together with his sisters (defendants herein), created a joint survivorship tenancy pursuant to R.C. 5302.17 and 5302.20. The majority of real property therein is the subject of the complaint. William M. Brown and Ruth M. Brown are now deceased.

Upon the death of William M. Brown on July 7, 1996, his survivorship tenancy therein vested in plaintiff and defendants as the remaining joint survivorship tenants. The plaintiff and defendants had thereby acquired a joint survivorship

tenancy in the balance of the real property subject to the complaint in the instant case.

Because plaintiff was hospitalized and extremely ill at the time of the filing, plaintiff's counsel requested that the clerk of courts not issue a summons for service at the time of the filing of the complaint, August 31, 1998.

Soon thereafter, the plaintiff died, and on September 16, 1998, Donald B. Miller was appointed the executor of the estate of Ruth M. Brown. Defendants filed their voluntary appearance.

The issue in this case is whether upon plaintiff's death, her joint survivorship tenancy vested in the surviving joint tenants and extinguished her partition claim. This court finds that it did vest upon plaintiff's death.

R.C. 5302.17 provides in part:

"A deed conveying any interest in real property to two or more persons, and in substance following the form set forth in this section, when duly executed in accordance with Chapter 5301. of the Revised Code, creates a survivorship tenancy in the grantees, and upon the death of any of the grantees, vests the interest of the decedent in the survivor, survivors, or his or their separate heirs and assigns.

"* * *

"* * * [W]hen a person holding real property as a survivorship tenant dies, the transfer of the interest of the decedent may be recorded by presenting the county auditor and filing with the county recorder either a certificate of transfer as provided in section 2113.61 of the Revised Code, or an affidavit accompanied by a certified copy of a death certificate. The affidavit shall recite the names of the other survivorship tenant or tenants, the address of the other survivorship tenant or tenants, the date of death of the decedent, and a description of the real property. The county recorder shall make index reference to any certificate or affidavit so filed in the record of deeds."

R.C. 5302.20 provides in part:

"(A) * * * [I]f any interest in real property is conveyed or devised to two or more persons for their joint lives and then to the survivor or survivors of them, those persons hold title as survivorship tenants, and the joint interest created is a survivorship tenancy. * * *

"(B) If two or more persons hold an interest in the title to real property as survivorship tenants, each survivorship tenant holds an equal share of the title during their joint lives * * *. Upon the death of any of them, the title of the decedent vests proportionately in the surviving tenants as survivorship tenants. * * *

"(C) A survivorship tenancy has the following characteristics or ramifications:

"* * *

"(2) A conveyance from all of the survivorship tenants to any other person or from all but one of the survivorship tenants to the remaining survivorship tenant terminates the survivorship tenancy and vests title in the grantee. A conveyance from any survivorship tenant, or from any number of survivorship tenants that is from less than all of them, to a person who is not a survivorship tenant vests the title of the grantor or grantors in the grantee, conditioned on the survivorship of the grantor or grantors of the conveyance, and does not alter the interest in the title of any of the other survivorship tenants who do not join in the conveyance."

■ The clear purpose of these statutes is to ensure that title vests exclusively in the surviving joint tenant or tenants at the time of death. *Cobb v. Gilmer* (C.A.D.C.1966), 365 F.2d 931, at 933. Because the vesting happens as an operation of law, defendants, pursuant to R.C. 5302.17, are merely required to file an affidavit with the Belmont County Recorder. The affidavit reflects what has already happened.

■ In *Spitz v. Rapport* (1992), 78 Ohio App.3d 330, 333, 604 N.E.2d 801, 803, the court recognized that the Ohio statute "provides that one joint tenant may not unilaterally destroy the survivorship interest." R.C. 5302.20 requires this court to rule that plaintiff's death vested her title in defendants, and their alleged claim for partition was thereby terminated. A survivorship tenancy terminates only when a partition is reduced to a final order. R.C. 5307.041. The death of the plaintiff created no real estate that the executor of the estate could partition. Accordingly, the claim was extinguished.

■ Furthermore, according to R.C. 2305.21, an action survives death only when it is enumerated in the statute or is one recognized at common law. R.C. 2305.21 provides:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto."

■ Common law did not create any type of joint tenancy in Ohio. *Spitz, supra.* Because there is no common-law joint tenancy with the right of survivorship in Ohio, an action at common law to partition the survivorship tenancy did not exist, and R.C. 2305.21 requires this court to rule that plaintiff's claim of partition extinguished upon her death.

Accordingly, the motion to substitute the executor is overruled, and the defendant's motion to dismiss the complaint is sustained.

*Judgment accordingly.*