DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant John Richard Pettit appeals the decision of the Washington County Court of Common Pleas, which granted summary judgment in favor of Donald Thorne, Jr., Executor of the Estate of Roberta Mae Pettit. Appellant asserts that he is entitled to sole ownership of the farm, which he and the decedent owned as joint tenants with rights of survivorship, even though he and the decedent were divorced at the time of her death.
 {¶ 2} For the reasons that follow, we disagree with appellant and affirm the judgment of the trial court.
 The Proceedings Below {¶ 3} In 1968, Defendant-Appellant John Richard Pettit and Roberta Mae Pettit were married. No children were born of the marriage. Three years later, they purchased approximately 124.5 acres of land in Washington County, Ohio. The deed by which the property was transferred to the Pettits provided that they would hold the property "as tenants in common during their natural lives, with remainder in fee simple to the survivor of them."
 {¶ 4} In 1988, the Pettits were divorced. The separation agreement entered into by appellant and Roberta Pettit as a part of the divorce proceedings addressed the disposition of the 124.5-acre parcel of land. It provided in pertinent part as follows:
 {¶ 5} "The husband shall have non exclusive right of occupancy on said property (except farm house [sic] which occupancy shall be exclusive) for a period of ten years from the date of this agreement. During this time he shall continue to farm the property in a workmanlike manner. * * *. At the end of ten years the parties may mutually sell the farm or either party may have the right of partition if the parties fail to agree on sale price."
 {¶ 6} In 1995, Roberta Pettit died, and Plaintiff-Appellee Donald Thorne, Jr., was appointed executor of her estate.
 {¶ 7} In 1998, appellant executed an affidavit asserting his survivorship rights pursuant to the original deed and claiming that the title to the farm vests solely in his name. Appellant filed this affidavit with the Washington County Probate Court and it was recorded in the Washington County Recorder's Official Records.
 {¶ 8} In March 2000, appellee filed a complaint in the Washington County Court of Common Pleas, seeking, among other things, declaratory judgment regarding the rights of the parties to the 124.5-acre farm. Appellee asserted that the separation agreement incorporated into the Pettits' 1988 divorce decree served to terminate appellant's survivorship rights in the farm and that following the divorce, appellant and decedent held the property as tenants in common.
 {¶ 9} Appellant filed his answer to appellee's complaint.
 {¶ 10} Subsequently, appellee filed a motion for summary judgment. In the memorandum in support of that motion, appellee asserted that pursuant to our decision in Curtis v. Conley (Oct. 8, 1985), Highland App. No. 589, and R.C. 5302.20(C)(5), the divorce decree terminated appellant's survivorship rights in the property.
 {¶ 11} Appellant also filed a motion for summary judgment and a memorandum in opposition to appellee's motion for summary judgment. In his memorandum, appellant argued that the Curtis decision was factually and procedurally distinguishable from the case before the trial court. Appellant also argued that R.C. 5302.21(B) prohibited the application of R.C. 5302.20(C)(5) to conveyances occurring before the statute's effective date (i.e., April 4, 1985). Thus, appellant concluded that his survivorship rights in the farm remained intact following the divorce and at the time of his former wife's death.
 {¶ 12} The trial court entered its decision on the parties' motions for summary judgment. The trial court found in favor of appellee. Specifically, the trial court reasoned that the 1971 deed transferring the property to the Pettits was a survivorship deed, which at the time was not a deed recognized by statute. However, the trial court further reasoned that in 1985, the legislature passed laws ratifying survivorship deeds, but included a provision, R.C. 5302.20(C)(5), intended to terminate survivorship tenancies upon the divorce of the property owners and to convert their property ownership into a tenancy in common. The trial court determined that unless the parties expressly agreed to maintain the survivorship tenancy in their separation agreement, the statute terminated the survivorship interest at the time of the divorce.
 {¶ 13} Appellant appealed the decision of the trial court. However, this Court dismissed the appeal for lack of a final appealable order. See Thorne v. Pettit, Washington App. No. 01CA6, 2001-Ohio-2493.
 {¶ 14} Subsequently, the trial court entered a final appealable order adopting its original findings and determining the remaining issues presented for its determination.
 The Appeal {¶ 15} Appellant timely filed his notice of appeal and presents the following assignment of error for our review: "The trial court erred to the prejudice of the Defendant, John Richard Pettit, in granting the Plaintiff-Appellee's motion for summary judgment."
 {¶ 16} In support of his argument that the trial court erred in granting appellee's motion for summary judgment, appellant asserts two arguments. First, appellant asserts that the trial court erred in finding that appellant's survivorship rights in the farm were terminated because the separation agreement between appellant and Roberta Pettit did not address survivorship rights.
 {¶ 17} Second, appellant asserts that the trial court's reliance on R.C. 5302.20(C)(5) is misplaced because it was not in effect at the time appellant and Roberta Pettit purchased the property. Accordingly, appellant asserts that R.C. 5302.21(B) prohibits the application of R.C.5302.20(C)(5) to the case sub judice.
 {¶ 18} We address appellant's second argument first because we find it fully resolves the issues presented for our review.
 I. Standard of Review {¶ 19} We conduct a de novo review of a trial court's decision to grant summary judgment pursuant to Civ.R. 56. Renner v. DerrinAcquisition Corp. (1996), 111 Ohio App.3d 326, 676 N.E.2d 151. The Supreme Court of Ohio has established the test to be employed when making a determination regarding a motion for summary judgment.
 {¶ 20} "Under Civ.R. 56, summary judgment is proper when `(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Welco Industries, Inc. v. Applied Cos.,67 Ohio St.3d 344, 346, 1993-Ohio-191, 617 N.E.2d 1129 (citations omitted).
 {¶ 21} Therefore, upon review, we give no deference to the judgment of the trial court. See Renner, supra.
 II. Joint Tenancies with Rights of Survivorship {¶ 22} At the onset of our analysis, we note that the parties agree that the deed transferring the property to appellant and Roberta Pettit in 1971 created a joint tenancy with a right of survivorship.
 {¶ 23} At the time the farm was transferred to appellant and the decedent, a joint tenancy with a right of survivorship was not recognized in Ohio under either the common or statutory law; rather, they were created as a matter of contract. See Spitz v. Rapport (1992),78 Ohio App.3d 330, 604 N.E.2d 801; 19 Ohio Jurisprudence 3d (2001) 189-193, Cotenancy, Sections 1-2. Accordingly, any entitlement to terminate survivorship rights was solely permitted by the terms of the contract creating the tenancy and not by common law. See id.
 {¶ 24} However, in 1985, certain statutes recognizing joint tenancies with rights of survivorship became effective. See R.C.5302.17 — 5302.20. Among those statutory provisions was R.C.5302.20(C)(5), which provides:
 {¶ 25} "If the entire title to a parcel of real property is held by two survivorship tenants who are married to each other and the marriage is terminated by divorce, annulment, or dissolution of marriage, the title, except as provided in this division, immediately ceases to be a survivorship tenancy and becomes a tenancy in common. Each tenant in common of that nature holds an undivided interest in common in the title to the real property, unless the judgment of divorce, annulment, or dissolution of marriage expressly states that the survivorship tenancy shall continue after termination of the marriage. The interest of each tenant in common of that nature shall be equal unless otherwise provided in the instrument creating the survivorship tenancy or in the judgment of divorce, annulment, or dissolution of marriage." R.C. 5302.20(C)(5).
 {¶ 26} Pursuant to this statute, when appellant and decedent were divorced, they became tenants in common with equal interests in the farm, without rights of survivorship. See id. The judgment of divorce that terminated appellant's and decedent's marriage did not "expressly state that the survivorship tenancy [would] continue" beyond the conclusion of the marriage. Rather, the separation agreement and divorce decree provided for appellant's use of the property, his payment of rent to the decedent, and the sale of the property with the proceeds being divided equally between appellant and decedent after ten years. Neither the divorce decree nor the separation agreement contained any provision regarding the disposition of the property in the event either of the owners died.
 {¶ 27} Thus, at the time of Roberta Pettit's death, she and appellant held the property as tenants in common without rights of survivorship. See R.C. 5302.20(C)(5); see, e.g., Curtis v. Conley
(Oct. 8, 1985), Highland App. No. 589.
 {¶ 28} Appellant readily admits in his brief before this Court that this outcome would be proper, but for the enactment of R.C.5302.21(B), which has the same effective date as R.C. 5302.20(C)(5). Appellant asserts that R.C. 5302.21(B) prohibits the just-described application of R.C. 5302.20(C)(5) to property conveyances consummated prior to the statute's effective date, which for the statutes in question in the case sub judice is April 4, 1985. Thus, appellant asserts that his survivorship rights remained intact after his divorce because the conveyance of the farm to him and the decedent occurred in 1971.
 {¶ 29} R.C. 5302.21(B) provides as follows:
 {¶ 30} "Sections 5302.17 to 5302.20 of the Revised Code do not affect conveyances or devises of real property to two or more persons for their joint lives and then to the survivor or survivors of them, that occurred prior to the effective date of this section and that did not involve tenancies by the entireties. These conveyances and devises, if they are valid on the effective date of this section, continue to be valid on and after that date. Unless persons so holding property choose to do so, they do not have to prepare a deed, as described in section5302.17 of the Revised Code as effective on the effective date of this section, creating in themselves a survivorship tenancy."
 {¶ 31} Appellant's reliance on R.C. 5302.21(B) is misplaced. R.C.5302.21(B) provides that prior valid joint tenancies are not invalidated by the 1985 legislation. See Spitz v. Rapport (1992), 78 Ohio App.3d 330,604 N.E.2d 801. However, the new legislation is otherwise fully applicable. See id. Thus, appellant and decedent's joint tenancy with rights of survivorship constituted a prior valid joint tenancy as a matter of contract, and did not require a new deed for its validity to continue. All other provisions of the legislation, including R.C.5302.20(C)(5), are applicable to deeds, such as the one sub judice, which were issued and effective before April 4, 1985. See id.
 {¶ 32} Therefore, we overrule appellant's assignment of error and affirm the well-reasoned judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the WASHINGTON COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Abele, J.: Concur in Judgment and Opinion.