IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
June 2, 2016 Session

**DARRYL F. BRYANT, SR. v. DARRYL F. BRYANT, JR.**

**Appeal by Permission from the Court of Appeals**
**Chancery Court for Davidson County**
**No. 141059I          Claudia Bonnyman, Chancellor**
———————————————————

**No. M2014-02379-SC-R11-CV – Filed April 19, 2017**
———————————————————


SHARON G. LEE, J., dissenting.

The Court has adopted a majority rule that allows a co-tenant to unilaterally sever a joint tenancy with right of survivorship and convert the estate into a tenancy in common without the knowledge or consent of the other co-tenant. The better rule, followed by other jurisdictions, does not allow a co-tenant to act unilaterally to sever the other co-tenant's interest, thereby protecting the rights and expectations of joint tenants who are conveyed property with a survivorship interest.

Tennessee Code Annotated section 66-1-107[1] does not provide for a right of survivorship in a joint tenancy; however, the parties to a conveyance may create a joint tenancy with right of survivorship through express language. *Jones v. Jones*, 206 S.W.2d 801, 803 (Tenn. 1947). "[P]arties can still create estates of survivorship where the instrument creating the estate, whether deed or will, evidences such an intention." *Bunch v. Bunch*, No. 02A01–9705–CH–00106, 1998 WL 46217, at *1 (Tenn. Ct. App. Jan. 8, 1998) (citing *Jones*, 206 S.W.2d at 803; *McLeroy v. McLeroy*, 40 S.W.2d 1027, 1028

---

[1] Tennessee Code Annotated section 66-1-107 provides:

In all estates, real and personal, held in joint tenancy, the part or share of any tenant dying shall not descend or go to the surviving tenant or tenants, but shall descend or be vested in the heirs, executors, or administrators, respectively, of the tenant so dying, in the same manner as estates held by tenancy in common.

(Tenn. 1931)). Other states also allow for the creation of a joint tenancy with right of survivorship through express language.[2]

In this case, Ms. Bryant and her son used express language to create a joint tenancy with right of survivorship. The quitclaim deed from Ms. Bryant to herself and her son expressly stated that it was "for the purpose of creating a joint tenancy with right of survivorship." The deed was signed in 2009 when Ms. Bryant was eighty-five years old. The express language used in the conveyance demonstrated Ms. Bryant and her son's clear intent that the son would be the sole owner of the property at Ms. Bryant's death. However, the next year, Ms. Bryant had a change of heart and unilaterally quitclaimed her undivided interest to her grandson. It is unclear whether Ms. Bryant's son knew about the second deed or whether he had invested in improvements or repairs to the property before his mother's death. Under the Court's decision, Ms. Bryant's unilateral conveyance of her interest in the property destroyed her son's right of survivorship, denied him the full value of any investments he may have made in the property, and defeated his expectation that he would become the sole owner of the property upon his mother's death.

The trial court ruled for Ms. Bryant's son, relying on court decisions from Michigan and Oregon. In the Michigan case of *Albro v. Allen*, real property was conveyed to Carol Allen and Helen Albro "as joint tenants with full rights of survivorship." 454 N.W.2d 85, 87 (Mich. 1990). When Ms. Allen agreed to sell her interest in the property to a third party, Ms. Albro sued to enjoin the sale. In reversing the trial court's decision enjoining the sale, the Michigan Supreme Court noted that under Michigan law, there are two forms of joint tenancies—a standard joint tenancy and a joint tenancy with full rights of survivorship. *Id.* at 87–88. In a standard joint tenancy, the right of survivorship may be destroyed by severance of the joint tenancy. *Id.* at 87. In contrast, in a joint tenancy with full rights of survivorship, the survivorship interest cannot be destroyed by an act of the other co-tenant. *Id.* at 88. The Michigan Supreme Court ruled

---

[2] Michigan and Pennsylvania common law allow for the creation of a survivorship interest through express language. *See Albro v. Allen*, 454 N.W.2d 85, 88 (Mich. 1990) (holding a joint tenancy with right of survivorship is created by express language in the granting instrument); *In re Estate of Quick*, 905 A.2d 471, 474 (Pa. 2006) ("A [joint tenancy with right of survivorship] must be created by express words or by necessary implication, . . . but there are no particular words which must be used in its creation." (citing *Pa. Bank & Trust Co. v. Thompson*, 247 A.2d 771, 771 (Pa. 1968); *Maxwell v. Saylor*, 58 A.2d 355, 356 (Pa. 1948)).

The legislatures in Alabama, Florida, Kentucky, Mississippi, Ohio, Oregon, Virginia, and West Virginia have enacted statutes that allow for the creation of an estate with right of survivorship by express language. *See* Ala. Code § 35-4-7; Fla. Stat. § 689.15; Ky. Rev. Stat. Ann. § 381.130(1); Miss. Code Ann. § 89-1-7; Ohio Rev. Code Ann. § 5302.20(A); Or. Rev. Stat. § 93.180(1)(a), (2); Va. Code Ann. § 55-21; W. Va. Code § 36-1-20(a).

that the interest conveyed to Ms. Allen and Ms. Albro was a joint life estate with dual contingent remainders. *Id.* at 93. While Ms. Allen could transfer her interest in the joint life estate, this conveyance would not destroy the contingent remainder. Accordingly, upon the death of a co-tenant, the other co-tenant or any person to whom the other co-tenant transferred the contingent remainder owned the entire estate.

The *Albro* court relied in part on *Halleck v. Halleck*, 337 P.2d 330 (Or. 1959), where a father and son were deeded property "not as tenants in common but with the right of survivorship, their assigns and the heirs of such survivor, all the following real property . . . ." *Id.* at 337. The habendum stated that "the fee shall vest absolutely in the survivor of the grantees." *Id.* The Oregon Supreme Court construed this language to create concurrent life estates with contingent remainders that would vest in the survivor. *Id.* at 337–38. Joint tenancies in Oregon were abolished by statute, but "[a] declaration of a right to survivorship creates a tenancy in common in the life estate with cross-contingent remainders in the fee simple." Or. Rev. Stat. § 93.180(2), (3). The Oregon Supreme Court held in *Halleck* that the deed created indestructible contingent remainders in each co-tenant that could not be defeated by any act of a co-tenant. *Halleck*, 337 P.2d at 338.

The Oregon Supreme Court reached the same conclusion in *Holbrook v. Holbrook*, 403 P.2d 12 (Or. 1965), where a husband and wife, pursuant to a divorce settlement agreement, quitclaimed a jointly owned piece of property to a third party, who then quitclaimed the property back to them "as joint tenants with right of survivorship and not as tenants in common." *Id.* at 12–13. After the divorce, the husband conveyed to his nephew an undivided one-half interest in the property. The husband died later that year. *Id.* at 13. Recognizing that Oregon Revised Statutes section 93.180 abolished common law joint tenancy and following its decision in *Halleck*, the Oregon Supreme Court concluded that the language, "as joint tenants with right of survivorship and not as tenants in common," created concurrent estates for life with contingent remainders in the life tenants, with the remainder vesting in the survivor. *Id.* The Oregon Supreme Court ruled for the wife, holding that the survivorship language in the conveyance created the equivalent of a common law joint tenancy, except for the power of severance.

In Ohio, before joint tenancies with right of survivorship were protected by statute,[3] the Ohio Court of Appeals addressed the survivorship rights of a joint tenant

---

[3] Baldwin's Ohio Revised Code Annotated section 5302.20(C)(2) provides:

A conveyance from any survivorship tenant, or from any number of survivorship tenants that is from less than all of them, to a person who is not a survivorship tenant vests the title of the grantor or grantors in the grantee, conditioned on the survivorship of the

who does not join in the conveyance of property to a third party. In *Dold v. Powers*, No. C-920954, 1994 WL 6002, at *1 (Ohio Ct. App. Jan. 12, 1994), a mother conveyed real property to herself and her son "for and during their joint lives, remainder in fee simple to the survivor of them, her and his heirs and assigns forever." *Id.* The mother later quitclaimed her interest to her granddaughter. The Ohio Court of Appeals held that "the right of survivorship arises from the contractual language of the granting instrument and not as some common law principle of survivorship incident to a joint tenancy, and that a contractually created right of survivorship cannot be unilaterally extinguished by an *inter vivos* transfer to a third party." *Id.* (following *Murphy v. Murphy*, 602 N.E.2d 1216 (Ohio Ct. App. 1991)).

In *Spitz v. Rapport*, 604 N.E.2d 801 (Ohio Ct. App. 1992), a mother and son were granted a fee interest in a condominium "by joint and survivorship deed." *Id.* at 802. Later, the mother attempted to terminate the survivorship rights of the joint tenancy by quitclaiming her interest to a third party who immediately quitclaimed the interest back to the mother. Upon the mother's death, the administrator of her estate sought a declaration that the mother's undivided one-half interest did not pass to the son by survivorship but instead passed to her estate. *Id.* at 802–03. The son argued he was the sole owner of the property based on his survivorship interest. *Id.* at 803. The Ohio Court of Appeals determined that, before the revision of Ohio Revised Code section 5302.17, joint tenancy with right of survivorship did not exist at common law. Rather, the right to survivorship could be created by contract. Because the survivorship rights were created by a contract that did not provide for the unilateral termination of survivorship rights, the mother's conveyance to a third party did not extinguish the son's survivorship rights. The court further applied section 5302.20(C) to hold that "a conveyance by less than all of the survivorship tenants does not alter the interest of a survivorship tenant who did not join in the conveyance." *Id.* at 804. The court affirmed the trial court's grant of summary judgment for the son.

The approach taken by these jurisdictions achieves predictability and consistency for property law practitioners and the public. When parties use express language to create a joint tenancy with survivorship, a co-tenant should not be allowed to unilaterally destroy the survivorship interest. This approach honors the clear intent of the parties, recognizes the value of the survivorship to each co-tenant, and protects a co-tenant's expectation that he or she will solely own the property upon the death of the other co-tenant.

---

grantor or grantors of the conveyance, and does not alter the interest in the title of any of the other survivorship tenants who do not join in the conveyance.

A co-tenant suffering from "buyer's remorse" should not be able to convey his or her right of survivorship to a third party and unilaterally defeat the other co-tenant's expectancy of full ownership. A co-tenant who is conveyed an interest in property with a right of survivorship should be able to rely on the deed and know that the right of survivorship will not be extinguished without his or her consent. The co-tenant should be able to make financial decisions, such as investing in the upkeep of the property, in reliance on the conveying instrument.

The Court's decision today impairs a co-tenant's ability to protect his or her investment. For example, an elderly parent's home may need costly repairs. A daughter may be willing to make a significant investment in the property, but only if she can protect her investment by becoming the sole owner of the property upon the parent's death. The parent executes a deed conveying the home to the parent and the daughter as joint tenants with the right of survivorship. The parent continues to have an ownership interest in the home, and the daughter can maintain, improve, and make needed repairs with assurance of full ownership at the parent's death. This arrangement benefits both parties. Under the Court's decision, the parent can extinguish the daughter's right of survivorship without her knowledge or consent, causing the daughter to lose the benefit of her bargain despite the terms of the deed.[4]

The Court's decision diminishes the effectiveness of deeds creating joint tenancies with right of survivorship. I encourage the General Assembly to study this issue and enact legislation, as other states have done, to protect a co-tenant's investment in property held in a joint tenancy with right of survivorship.

For these reasons, I dissent from the Court's decision.


_____
SHARON G. LEE, JUSTICE

---

[4] The Court suggests an alternative hypothetical in which the grandson makes improvements to the home. Under these assumed facts, the grandson would lose the value of his investment if the son took title to the property by virtue of his survivorship rights. However, the mother and the grandson would understand that, given the existence of the deed granting the son full title to the property upon the mother's death, any improvements made by the grandson would be gratuitous.